### HOEFER v. CITY OF BURLINGTON.

1. **Practice in Supreme Court:** ASSIGNMENT OF ERRORS. An assignment of error in these words: "The court erred in overruling the defendant's exceptions to the report of the referee and entering judgment against the defendant," *held* not sufficiently specific under Code, § 3207.

*Appeal from Des Moines District Court*

WEDNESDAY, SEPTEMBER 20.

THE plaintiff was marshal in and for the defendant during the year 1876, and brought this action to recover one dollar per day for attendance in the police court in addition to a stated salary. The defendant pleaded a counter-claim and denied plaintiff's right to recover. By consent there was a reference to Hon. F. W. Newman, who made a finding of facts, and recommended that judgment be rendered for the plaintiff. Exceptions were filed to the report of the referee, which were overruled and judgment rendered for the plaintiff. The defendant appeals.

*C. L. Poor*, for appellant.

*J. C. Power* and *S. K. Tracey*, for appellee.

SEEVERS, CH. J.—To the report of the referee the following objections were filed: 1. The referee erred in holding that "as a matter of law the marshal was elected in March, 1876, for two years, with a stated salary, fixed by ordinance, exclusive of the service rendered at the police court at one dollar per day." 2. The referee erred in his conclusion of law upon "the agreement of facts," and facts found that the plaintiff was entitled to recover. 3. The referee erred in disallowing the defendant's counter-claim. The only error assigned is in these words: "The court erred in overruling the. defendant's exceptions to the report of the referee and entering judgment against defendant." It is objected by counsel for the appellee that this assignment of error is not sufficiently specific under Code, § 3207. We feel constrained to say this objection is well taken. In *Oschner v. Schunk et al*, 46 Iowa, 293, the assignment of error was as follows: "The court erred in overruling the motion for a new trial." This, it was held, was not sufficiently specific. The case at bar clearly, we think, falls within the rule enunciated in the cited case. See, also, *Reilly v. Ringland*, 44 Iowa, 422; *Morris v. C., B. & Q. R. R. Co.*, 45 Id., 29; *Tomblin v. Ball*, 46 Id., 190; *Benton v. Nichols*, 47 Id., 698.

AFFIRMED.