RICHARD BAYLIS v. ATLAS L. STOUT ET AL.

*Assignments of error—Verdict.*

Assignments of error for the refusal of requests to charge cannot be considered where the record does not give the requests.

An assignment of error is not in compliance with Supreme Court Rule 12 if the error relied on is not singled out by the assignment or by the exception on which it rests.

The propriety of a verdict cannot be reviewed if there is evidence to uphold it.

Error to Ingham.   Submitted June 27.   Decided Oct. 11.

ASSUMPSIT.   Defendants bring error.   Affirmed.

*S. S. Olds* and *H. P. Henderson* for appellant.

*M. V. & R. A. Montgomery* for appellees.

GRAVES, C. J.   The defendants were furnishers at Dayton, Ohio, of mill wheels, gearing and machinery, and for several years before 1871 the plaintiff, who lived at Riley in this State, was in their service as business agent.   But at about that time his agency expired.   In 1876 Hart Brothers proceeded to put up a mill at North Lansing and defendants arranged with plaintiff to solicit a contract between them and Hart Brothers for supplying the articles in their line for

the equipment of the new mill, and through plaintiff's negoti-
ations a written contract was entered into between defend-
ants and Hart Brothers in accordance with defendants'
desire.  Subsequently a large catalogue of articles was fur-
nished, but only a part of the quantity called for, when the
mill was accidentally destroyed by fire.  Nothing more was
furnished thereafter under this arrangement.  Both defend-
ants and Hart Brothers seem to have treated the agreement as
at an end.  Negotiations were had for settling up the dealings,
and there is evidence that the construction of another mill by
one of the Harts was anticipated in connection with the mode
of settlement agreed on.  Be this as it may, one of the Harts
actually went on and built a mill and obtained the machine
appliances through an agreement negotiated with one of the
defendants, but in which they did not appear as parties.
The contract instead of being in their name was in that of
one Webster.

The plaintiff claimed that it was agreed between himself
and defendants that he should have certain commissions on
all the articles agreed to be supplied by the defendants in
both cases whether actually furnished or not.  The defend-
ants admitted that he was to have the commission on all
articles for the first mill actually furnished, but denied that
he was to receive anything on account of goods never act-
ually required or provided.  The defendants denied that
they agreed to give him commissions on account of the sec-
ond mill, and insisted that the contract made by Hart for
the machinery there was not with them, but with Webster,
and that their connection with the supply of articles in that
case was in character of sub-contractors with Webster and
not in character of original contractors with Hart.  On the
other hand the plaintiff urged that this claim was dishonest;
that defendants were the real contractors with Hart, and
made use of Webster's name merely as a blind and for the
purpose of depriving the plaintiff of his commissions.  It
was conceded that he had been paid the whole sum of his
commissions or nearly so, on all the articles actually supplied
for the first mill.  The contention was therefore in regard

to the articles not furnished nor wanted for the first mill, and in regard to the things furnished in fact for the second mill.

The plaintiff brought this suit to recover on these claims and the jury rendered a verdict in his favor. The defendants ask a new trial on a bill of exceptions.

The case presents no questions in respect to evidence, and if there is any matter of law to be considered it must arise upon the charge. Whatever contract was made with the plaintiff was by parol and the proof of it mainly depending on his testimony and that given by one of the defendants. Letters are said to have passed, but none are found in the record. Indeed, a part only of the evidence appears in the bill of exceptions, and such as bore on the main points was contradictory. Many of the objections, however, suppose the whole testimony to be present in the record, and further that particular questions of fact depending on conflicting testimony are either settled or acknowledged. One of the eight charges of error counts on an alleged refusal to comply with certain requests. But no requests are found in the record and hence the Court is unable to say whether any harm was done by the supposed refusal.

As to the other allegations of error, only one at the most complies with the rule of Court. (Rule 12.)

Neither the averments of error nor the exceptions on which they rest single out any specific proposition or give a key for the Court to underscore what is relied on. No means are furnished to distinguish between what is *aimed* at as considered wrong and what is virtually admitted to be right; and in every instance the reference as well fits what is palpably unobjectionable as anything not beyond criticism. The single point left is that the circuit judge erred in submitting certain lists to the jury. But this is not noticed in the brief at all and seems very properly to have been abandoned.

The main drift of discussion in defendant's brief is to make out that the jury ought to have taken a different view of the evidence and that they misjudged the facts. How

this is could not be ascertained on this record even if it were a question to be noticed here, which of course it is not.

The record fails to establish any error and the judgment is affirmed with costs.

The other Justices concurred.