GARRETT v. WELLS ET AL.

1. **Assignment of Errors:** MUST BE SPECIFIC. Assignments of error, to be considered, must be specific; and assignments as follows: "The court erred in allowing the evidence objected to by plaintiff to be introduced," and "The court erred in finding for defendant," *held* too general.

2. **Taxes:** EQUALIZATION OF BY COUNCIL OF CITY ACTING UNDER SPECIAL CHARTER. The doctrine announced in *Kinsey v. Sweeney, Mayor*, etc., *ante*, p. 254, followed; *q. v.*

*Appeal from Louisa Circuit Court.*

THURSDAY, APRIL 10.

THIS is a *certiorari* proceeding to test the validity of certain taxes levied on the property of the plaintiff. Judgment was rendered for the defendants, and the plaintiff appeals.

*E. W. Tatlock*, for appellant.

*Henley & Hall* and *Newman & Blake*, for appellee.

SEEVERS, J.—The petition, as we understand, states two grounds upon which it is·claimed that the levy of taxes is invalid: *First*, That the assessment was not made by the proper assessor, and that in fact it was made by a person without authority in this respect; *Second*, That the council of the city of Wapello acted as a board of equalization, without authority so to act, and that, in fact, the township trustees constituted the only legal board of equalization.

These errors are assigned: *First*, The court erred in allowing the evidence objected to by plaintiff to be introduced; *Second*, The court erred in finding that the action of the town or city of Wapello, in passing the ordinance of July 1, 1881, was not *ultra vires* and void; *Third*, The court erred in finding for the defendants.

The first and third assignments are too general, and therefore should be disregarded, and because of this, we suppose, they have not been noticed in the argument of counsel for the appellees.

It is true that the first assignment is discussed by connsel for the appellant, but we think not greatly relied on, because counsel say that "the case of *Kinsey v. Sweeney, Mayor, ante,* 254, is identical with this, except as to amount," and no such question is made in that case. We therefore deem it sufficient to say, after having inspected the record, that, if the assignment could be regarded as sufficiently specific, the court did not err in the admission of the evidence objected to.

It is apparent that the assignment of errors does not present for determination any question in relation to the assessment. If it did, we are not prepared to say that the fact that the assessment was made by an assessor elected by the voters of the city, instead of by the township assessor, would

invalidate the levy. The assessment was made by a person who was an assessor in fact, if not in law. And the real objection seems to have been that the assessment was increased by the city council acting as a board of equalization; for the plaintiff appeared before the council when acting as such board, and objected to any action being taken, because the city was incorporated under a special charter which did not give the council authority to act as such board, and that whatever they did would be *ultra vires* and void.

The question presented under the second assignment of error has been determined against the plaintiff in *Kinsey v. Sweeney, Mayor*, above referred to.

AFFIRMED.