BRADLEY v. JOHNSON ET AL.

1. **Assignment of Errors:** NOT SUFFICIENTLY SPECIFIC. Where each of two defendants separately demurred to the petition, and the demurrers were sustained, and the appellant assigned as error "the ruling of the court in sustaining the several demurrers of the defendants," naming them, *held* that the assignment was not sufficiently specific under § 3207 of the Code.

*Appeal from Plymouth Circuit Court.*

MONDAY, DECEMBER 14.

THE defendants are husband and wife. The plaintiff seeks by this action to charge the property of the wife with the purchase price of certain lumber used in the construction of a dwelling-house for the defendants, upon the ground that the lumber was a necessary family expense. He also seeks to subject certain real estate, the legal title to which is in the wife, to the payment of a judgment obtained against the husband for the said lumber, upon the ground that the title to the land is held by the wife in fraud of the husband's creditors. The defendants each separately demurred to the petition. The demurrers were sustained. The plaintiff appeals.

*H. C. Hemenway*, for appellant.

*Struble, Rishel & Sartori*, for appellees.

ROTHROCK, J.—The demurrers are based upon several distinct grounds, which are separately stated and numbered. The assignment of errors is in these words: "The appellant assigns as error the ruling of the court sustaining the several demurrers of the defendants, James H. Johnson and Philinda F. Johnson." Counsel for appellees insist that this assignment of error is not sufficiently specific. Section 3207 of the Code provides that "among several points in a demurrer, or in a motion, or instructions, or rulings in an exception, an

assignment of error must designate which is relied on as an error; and the court will only regard errors which are assigned with the required exactness." We can see no escape from holding that the assignment in this case is insufficient, and that it cannot be regarded by the court. If we were to entertain the appeal, we would overrule many cases. See notes to section 3207 of Millers's Code.

AFFIRMED.