THE STATE, EX REL. MARSH ET AL., v. O'DAY.

1. **Elections:** INFORMAL OATH TO VOTER. If one is a qualified elector, it is immaterial that an oath administered to him when about to vote is informal.

2. **Practice on Appeal:** ASSIGNMENT OF ERROR. An assignment of error should refer to the page of the abstract where the alleged error may be found. The court cannot search the record to find it.

3. ――――: INSTRUCTIONS NOT REQUESTED. No objections can be raised in this court upon the failure of the trial court to give a certain instruction, in the absence of a request therefor.

4. **Elections:** RESIDENCE. It is not necessary to presume that a man's residence is where he stays and works.

5. **Practice on Appeal:** DEFECTIVE ABSTRACT. An assignment of error based on an alleged fact not found in the record cannot be considered.

6. ――――: REVIEWING INSTRUCTIONS: ARGUMENT. Counsel in argument must point out specific objections to instructions in order to secure a review of them by this court.

7. ――――: VERDICT: CONFLICTING EVIDENCE. A verdict upon conflicting evidence will not be disturbed by this court.

*Appeal from Bremer District Court.*

WEDNESDAY, JUNE 23.

THIS is a proceeding by *quo warranto* to determine whether defendant lawfully fills the office of director of an independent school district. The cause was tried to a jury, and judgment was rendered upon a verdict for defendant. Plaintiff appeals.

*M. E. Billings*, for appellant.

*Gibson & Dawson*, for appellee.

BECK, J.—The petition alleges that defendant illegally usurped the office of director of the independant school-district of Mentor, and is discharging the functions thereof,

and that Charles Countryman was lawfully elected to the office. The facts shown in the petition upon which these allegations are based are as follows:

The election was ordered by the directors to take place at six o'clock P. M. of the day named, and was conducted by the directors without having been sworn as judges or clerks of the election, and without any ballot-box or poll book, and without keeping any records of their proceedings. The voting was commenced at 7 P. M., and the electors handed their ballots to one of the directors, and defendant acted as clerk. In about thirty minutes the polls were declared closed, and the directors canvassed the vote, the defendant keeping the tally. No other person was voted for except defendant and Countryman. Certain persons named, who where not legal voters, were permitted to vote, and seventeen legal voters cast their ballots for Contryman, giving him a majority of two votes. It is alleged that the directors declared the election a tie, and then adjourned without having made any record or return of the election. Subsequently the directors met, and Countryman appeared at the meeting and claimed the office, but his claim was not conceded, and the directors proceeded to determine by lot which of the persons voted for should be declared elected to office, which resulted in favor of defendant, who was thereupon declared to be elected to the office. It is alleged that the proceedings to determine by lot which person should be declared elected were fraudulently conducted. The allegations upon which the charge of fraud is based, and other averments of the petition, need not be recited. The answer denies all allegations of fraud or irregularity in the election and the drawing of lots, and avers that it was regularly and honestly held upon lawful notice, and that a record thereof in proper time was duly made, and that defendant received no illegal votes.

II. The objections urged upon our attention by plaintiff cannot be fairly considered, and our conclusions thereon cannot be understood, without the presentation of the assign-

ment of errors, which is in the following language: " Counsel for appellant submits that the court below erred: (1) In ruling that fraudulent procurement of illegal voters by defendant to vote for him, and the administering by defendant to a challenged voter an illegal and improper oath, as not material to the issue. Abstract, pp. 19, 20, 21, 37. (2) In refusing to permit state to prove by several witnesses the procurement by defendant of illegal voters to vote for him. Abstract, pp. 19, 20, 21, 23, 37. (3) In giving the eighth instruction to jury. (4) In giving the ninth instruction to jury. (5) In giving the twelfth instruction to the jury as regards a tie. (6) In admitting hearsay testimony on the part of defendant, tending to show that Wm. O'Day, W. M. O'Day, James McGrath and Tim Mooney were legal voters. Abstract pages. (7) In not instructing the jury that an election held in an 42,44, independent school-district, at which the polls were not opened until about seven o'clock P. M., and only kept open about thirty minutes, and where no persons were sworn as a board of election or clerks, no ballot-box or poll-book or election return was had or made, did not rise to the dignity of an election, and that defendant could not have been elected at a meeting so conducted, but that such a pretended election would be null and void. (8) In overruling plaintiff's motion for a new trial, and to set aside the verdict as contrary to law and evidence; the evidence furnished by state, consequent upon defendant's failure to answer interrogatories attached to petition, and the further testimony furnished by state of fraud at election; procurement of illegal votes by defendant; illegal votes polled for defendant; proof that Willis Farnum voted for Countryman, and proof that defendant fraudulently counted votes so as to include Willis Farnum's vote for defendant; and fraudulent proceedings by defendant in deciding the pretended tie being full and complete;—the verdict of jury is contrary to law as given by court, and contrary to the evidence, and for these reasons. (9) In entering judgment *vs.* plaintiff."

The following additional assignments of error were subsequently filed: " ¶ 4½. That the court below erred in giving the tenth instruction, there being no testimony to which such an instruction could be applicable, and the same tending to confuse the jury. ¶ 2½. In ruling and remarking in presence of jury that it is 'not necessarily to be presumed that a man's residence is where he stays and works,' and other remarks. Abstract, p. 24. ¶ 2¾. In ruling that state could not show by statements made in presence of Jim McGrath on the day of election that defendant had sent his son after McGrath in Chickasaw Co. to go and vote in Bremer Co., and in refusing to permit state's counsel making an offer to so prove. Abstract, p. 23."

III. The rulings and facts stated in the first and second assignments of error are not shown in the pages of the

1. ELECTIONS: abstract referred to. Whatever rulings, save one, informal oath to voter. found in these pages, to which the assignments could be applied by the most liberal construction, were not excepted to by plaintiff. These cannot be considered by us. In the rulings excepted to the district court held substantially that plaintiff could base no objection upon the fact that an informal oath was administered to a legal voter. The conclusion of the court below is obviously correct. If the voter was a qualified elector, his ballot was lawfully received, even though he had not been sworn at all. The most that can be said of an informal oath is that it is no oath at all. These considerations dispose of these assignments of error.

IV. The sixth assignment of error is not sufficiently explicit. It does not indicate the testimony objected to, nor

2. PRACTICE the witness giving it. We cannot search the on appeal: assignment of record to find testimony to which the objection error. might be applicable. The evidence should have been referred to in a manner that would have enabled us to identify it. The figures "42,44," constituting the second line of the seventh assignment, appear there, we think, through a misprint, and should be at the end of the last line of the

preceding assignment, to indicate that the evidence complained of is found on the pages of the abstract indicated by the figures. But we find no rulings on those pages which are excepted to by plaintiff.

VI. The plaintiff made no request of the court below for an instruction presenting the rule plaintiff insists upon in 3. ——: instruction not requested. the seventh assignment of error. Indeed, plaintiff made no request for instructions. No objection can be based upon the failure of the district court to give the instruction indicated, in the absence of a request therefor.

VII. The ruling complained of in the assignment of 4. ELECTION: residence. error number $2\frac{1}{2}$ is so plainly correct that it demands no attention. It is a common occurrence for men to "stay and work" at places where they do not reside.

VIII. The abstract fails to present the fact made the foundation of assignment numbered $2\frac{3}{4}$. There was no offer to prove that defendant had sent his son after 5. PRACTICE on appeal: defective abstract. McGrath. But surely the evidence as stated in the assignment is not competent. Defendant could not be bound by the statement and declarations of third persons.

IX. The eighth and ninth instructions correctly direct the jury as to who are legal voters. Counsel for plaintiff does 6. ——: reviewing instruction: argument. not point out defects or errors in the instructions, but simply asserts in his argument that they are not correct. We are not called upon, in the absence of specific objections to the instructions, to consume time in indicating them. Counsel has given no more attention in his argument to the other instructions assailed in the assignment of error. We are not required to discuss them.

X. Counsel has discussed at considerable length the facts of the case, insisting that the verdict is unsupported by the 7. ——: verdict: conflicting evidence. facts as shown by the testimony. The evidence is conflicting, and there is no ground to hold that

upon any issue the verdict is so without the support of the evidence that we ought to interfere.

The foregoing discussion disposes of all questions in the case.

AFFIRMED.