Opinion of the Court—Strahan, J.

[Filed May 3, 1889.]

SWIFT, Appellant, v. MULKEY et al., Respondents.

Practice — Assignment of Error. — The appellant must point out in his notice of appeal the particular error upon which he intends to rely. He cannot be permitted to say that the court erred in its charge on a particular subject, where the subject as well as the charge consists of numerous and distinct parts. The appellant must put his finger on the error complained of.

Notice of Appeal — Assignment of Error. — The assignment of error in the notice of appeal must consist of a specification of particulars, so that the adverse party as well as the court may know on what particular error the appellant intends to rely on the appeal.

Charge of the Court — Numerous Propositions of Law — General Assignment of Error. — Where the charge of the court contains numerous propositions of law, an assignment of error covering all in the charge on a particular subject without further indentifying the part relied upon, the court will refuse to examine such proposition of law in the charge, to see if there is possible error.

Quitclaim Deed — Color of Title. — Color of title is that which in appearance is title, but which in reality is no title. A claim to property under a conveyance, however inadequate to carry the true title to such property, and however incompetent may have been the power of the grantor in such conveyance to pass title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, and one which will draw to the possession of the grantee the protection of the statutes of limitations, other requisites of those statutes being complied with.

Appeal from Multnomah County.

*Fred R. Strong*, for Appellant.

*George H. Durham* and *A. F. Sears, Jr.*, for Respondent.

Strahan, J. — This is an action to recover 120 acres of land, situate in Multnomah County.

The answer denied the allegations of the complaint,— which was in the usual form,—and then alleged that the defendants owned the demanded premises as tenants in common. The answer further alleged an adverse possession by the defendants for more than ten years next

before the commencement of this action. The reply denied the new matter contained in the answer. A trial in the court below resulted in a verdict and judgment in favor of the defendants, from which the plaintiff has appealed. The appellant's notice of appeal presents the following assignments of error for the consideration of this court: "1. The court erred in his charge to the jury as to the law governing or applicable to the case; 2. The court erred in his charge as to what constitutes the adverse, actual, open, exclusive, and notorious possession necessary to create or ripen into title to real property; 3. The court erred in instructing the jury that the deed from Hendrie to the defendants constituted color of title; 4. The court erred in instructing the jury as to the effect of the infancy of the plaintiff, upon the running of the statute of limitations; 5. The court erred in rendering judgment against the plaintiff."

The first and fifth assignments of error need not be further noticed than to say they are too general and indefinite to present any question for review on this appeal. The others will be noticed in their order.

1. The plaintiff's bill of exceptions does not present, in a clear or satisfactory manner, the questions which he seeks to litigate in this court. The second assignment of error is the one mainly relied upon on this appeal. The court gave numerous instructions on the subject of adverse possession; but this assignment does not point out, or in any manner make certain, the particular instruction which is claimed is erroneous. Under such a state of the record, it is not perceived how we can apply the assignment of error to any particular instruction on that subject. The proper rule of practice is, that the appellant must put his finger on the error complained of. He cannot be permitted to make a general assignment, and then, upon the argument, select some particular portion

of the charge which is claimed to be within the general statement. Since the enactment of the present code, where an assignment of error in the notice of appeal is necessary, it must consist of a specification of particulars, so that the adverse party, as well as the court, may know upon what particular errors he intends to rely on the appeal. The charge is lengthy, and throughout the greater portion of it the subject of adverse possession is referred to and dwelt upon, but just what particular part of the charge the appellant claims the court defined "what constitutes the adverse, actual, open, exclusive, and notorious possession necessary to create or ripen into title to real property," has not been pointed out.

The entire charge of the court on the subject of the statute of limitations, adverse possession, disseisin, color of title, and other kindred subjects, is as follows:—

"The statute has provided that in this state no action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the premises in question within ten years before the commencement of the action. Therefore, gentlemen of the jury, the issue is this: Upon the record title introduced here, the plaintiff has the title to this property, unless the defendants shall make out title and ownership under the adverse possession for ten years. So the question for you to determine is, whether or not the defendants have made out their claim of ownership of this property, under a claim of adverse possession for ten years. The legal title draws after it the possession, and the right of entry is not varied unless there has been a *decennory* [disseisin?], followed by actual, notorious, continuous, adverse possession for ten years next prior to the commencement of the action.

"To be an adverse possession, it must be an occupancy

under a claim of ownership, though it need not be under color of title. It is sufficient if a party goes upon the land and declares to the world by his acts and conduct that he is the owner of it, and maintains that attitude the requisite period, though his occupancy must extend over the entire tract claimed. The rule is different if made under paper title. This occupancy, if he actually occupied a part of it, will be extended by construction to the boundary specified in the instrument under which he claims. The distinction between entering into possession under paper title, or color of title, and mere claim of ownership, is, that under a color of title any adverse possession extends to the whole tract described in the paper title, while under a mere claim of ownership, adverse possession only extends to that part actually occupied. In this case, the Hendrie quitclaim deed, introduced in evidence by the defendants, would give the defendants color of title if they entered into possession under it, though it would convey no title in itself, and as a deed is a nullity, except as to giving color of title. Therefore, if you find the appellants entered into possession under the Hendrie deed, then they had color of title to the premises. An adverse possession under such deed would extend to the whole tract in said deed claimed by the defendants.

"It is not essential that a party who takes possession of land, and holds adversely to the owner, should enter under a deed, or other written title, to cause the limitation of ten years to run in his favor. It is sufficient if the party took possession under a claim of ownership, and held adverse possession, as explained in the instructions, for the period of ten years.

"The court instructs the jury that in order to maintain a defense in this action, it is not necessary that the defendants had a deed or written evidence of their title; but if, under a claim of ownership, the defendants took

possession of this land in question, and have held exclusive possession thereof for the period of ten years prior to the commencement of this suit, then the plaintiff is not entitled to recover, and you should find for the defendants.

"The court further instructs the jury that when a party enters into the possession of land which is vacant and unoccupied at the time, claiming it as his own, such possession is hostile in its inception to the owner, and if he continues in possession adversely for a period of ten years, and is adversely, notoriously, and exclusively in possession during that period of time, such facts, if proved by the defendants, are a legal defense in an action of ejectment. If the jury find from the evidence that the defendants entered upon the land in question, claiming to be the owners, and continuing to be in possession of the same for ten years under claim of ownership, then the plaintiff is not entitled to recover.

"The court instructs the jury that it is not necessary that the land should be inclosed with a fence, or that a house should be erected upon it, or that it should be reduced to cultivation, to constitute possession; and such acts of dominion as are well known to persons residing in the neighborhood, as to who has the exclusive control and management of the land, will be sufficient to constitute possession; that the land is appropriated to such uses constitutes ownership [possession?] of it, and the manner in which it is established by the person claiming title is such as to notify the public that such person has asserted dominion. This will constitute possession.

"The jury are instructed that actual possession of land may arise in any of the different ways of occupying it which are not atrocious [tortious?] in their character, and which intention to appropriate to certain uses and purposes indicate an exclusive use and control of the property by the person claiming possession.

"The possession of land may be held in different ways, —by ownership, by cultivation, erection of buildings, or other improvements, or in any way that clearly indicates the exclusive appropriation of the property by the person claiming to hold it.

"I charge you that where the party has title or color of title to the land, and uses the land for the purpose of obtaining wood for fuel, or for his own farm under a claim of ownership, this would constitute possession. If a person holding a deed to land enters and clears off and breaks up or occupies a part, that need not be followed by other improvements to the land. This will be a possession of the whole.

"If you find from the evidence that the land in controversy was rough, uncultivated timber land, unsusceptible of cultivation or of being utilized for purposes of husbandry without large expense; that the defendants, or either of them acting for both, took possession of such land, or any part of it, openly or publicly under a claim of ownership, or went upon said land, or any part, openly and publicly, claiming then and there to take possession; that the defendants or either of them, after such formal act, maintained such attitude, even though not remaining upon the land in person openly, continuously, and adversely to all persons, and exclusively, without interruption from others for a period of ten years,—that would establish title in the defendants, and your verdict must be for them.

"The proof of title in the defendants, moreover, would be strengthened, if you find that the defendants, or either of them, exercised acts of ownership over said property by cutting timber, whether by themselves or under their authority or that of either of them, by paying taxes on the land, or by any similar acts. Besides, you may consider as further evidence of defendants' title the general

knowledge of the public living near the land in contro-
versy, the notoriety of the defendants' claim, the public
avowals upon the part of the defendants of the claim of
ownership, and the absence of any such acts on the part
of the plaintiff or of his predecessors, if such be the evi-
dence.

"To be adverse possession, it must be under a claim of
ownership, though it need not be under color of title.
It is sufficient if a party goes upon the land, and declares
to the world by his acts and conduct that he is the owner
of it, and maintains that attitude the requisite period.
Where he occupies under color of title, I charge you that
the deed introduced here by the defendants from Hendrie
would constitute such as to the land included in it; if he
actually occupied a part of it, such occupancy will be ex-
tended by construction to the boundaries specified in the
instrument under which they claim."

At the end of each of these paragraphs of the charge
are written the words, "excepted to; exception allowed";
but it nowhere appears by whom such exceptions were
taken. If these paragraphs had been numbered, or in
some manner identified, so that the assignment of error
in the notice of appeal pointed out and made certain each
particular error relied upon, I have no doubt the assign-
ments would have been sufficient; or if the change con-
tained but a single proposition, and the assignment of
error clearly identified and pointed it out, it would have
been good. But where the charge contains numerous
propositions of law on the same subject, some of which
may be good law and others questionable, an assignment
of error covering all in the charge on a particular subject,
without further identifying the part relied upon, and par-
ticularly when there are numerous exceptions on the same
subject, some of which were argued on the appeal and
others were not, such assignment does not impose the

duty on this court of separately examining each proposition of law in the charge, to see if perchance there is possible error. That is the duty of counsel. Such an assignment of error is too general. If such a practice were sustained, counsel need never do more than say in his assignments of error that the court erred in its ruling on particular subjects, without, in any measure, designating or pointing out the specific errors, and then asking this court to go on a voyage of discovery through the record in search of the particular error upon which counsel may be supposed to have relied. We cannot sanction such a practice. It is at variance with the requirements of our own code, section 537, and with the adjudged cases elsewhere. (*State* v. *O'Day,* 69 Iowa, 368; *Wood* v. *Whitton,* 66 Iowa, 295; *Bradley* v. *Johnson,* 67 Iowa, 614; *Landis* v. *Evans,* 113 Pa. St. 332; *People* v. *Sweeney,* 55 Mich. 586; *Lyman* v. *McMillan,* 8 Neb. 135; *Burlington etc. R. R. Co.* v. *Harris,* 8 Neb. 140; *Robbins* v. *Magee,* 96 Ind. 174; *Garretts* v. *Wills,* 63 Iowa, 256; *Morris* v. *Chicago etc. R. R. Co.,* 45 Iowa, 29; *Gulf West Texas etc. R. R. Co.* v. *Montiec,* 61 Tex. 122; *State* v. *Gilreath,* 16 S. C. 100; *Blizzard* v. *Riley,* 83 Ind. 300; *Hoefer* v. *Burlington,* 59 Iowa, 281; *Bayles* v. *Stout,* 49 Mich. 215; *Lucas* v. *Brooks,* 18 Wall. 436; Wade on Notice, secs. 1212, 1213.)

Some portions of the charge may be open to criticism, and we must not be understood as affirming its correctness in every particular. Nor do we mean to intimate that, as applied to the facts of the particular case, it is an erroneous statement of the law; but simply that in the form in which the exceptions were taken, and error assigned thereon, we cannot undertake to review particular portions of the charge. We announce this conclusion with the less reluctance, for the reason that we are, in the main, satisfied that the court below stated the law correctly to the jury on the point under consideration.

2. The court told the jury that the deed from Hendrie to the defendants was sufficient to give them color of title, if they entered under it, and in this there was no error. The supreme court of the United States in *Wright* v. *Mattison*, 18 How. 50, defined what is color of title. In passing on the question that court said: "The courts have concurred, it is believed without an exception, in defining color of title to be that which in appearance is title, but which in reality is no title. We refer to a few decisions by this court, which are deemed conclusive to the point that a claim to property, under a conveyance, however inadequate to carry the true title to such property, and however incompetent might have been the power of the grantor in such conveyance to pass title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, and one which will draw to the possession of the grantee the protection of the statutes of limitation, other requisites of those statutes being complied with." The court then cites *Gregg* v. *Lessee of Sayer*, 8 Pet. 253, 254; *Ewing* v. *Burnett*, 11 Pet. 41; *Pillow* v. *Roberts*, 13 How. 472; to which may be added *Hall* v. *Law*, 102 U. S. 461.

3. Counsel for appellant suggest in their brief that such possession as is shown by this evidence cannot amount to adverse possession, such as is necessary to enable the defendants to maintain this defense. All of the evidence given upon the trial is not before this court, and we cannot therefore determine as a matter of fact, were it otherwise competent for us to do so, whether such possession was sufficient or not. But in addition to this, where there is any evidence or disputed point, though it be but slight and inconclusive, it is for the jury to determine the fact, and it is generally beyond our province to interfere. The defendant might have embodied his views, in instructions defining more particularly and clearly the

character of the possession necessary to set the statute of limitations running against the claim of him who had the legal title, and if it was correct, and the court refused such instructions, this court would correct the error, but it has no authority to review the question of fact, or to declare that the defendants' possession was not adverse in the face of the verdict of a jury finding that it was.

4. As no particular error in the charge of the court, on the subject of the running of the statute of limitation during the plaintiff's minority, was pointed out upon the argument, the court repeated to the jury the substance of the statute on that subject.

Neither party asked more, and the cause went to the jury under that charge. It left to the jury all the questions of fact as to the plaintiff's age when his cause of action accrued, and when he obtained his majority. These and other facts of a like nature, all growing out of the plaintiff's claim of the disability of infancy, properly went to the jury, and the verdict being against the plaintiff, while it stands the fact is not open to inquiry here or elsewhere.

The appellant's contention on the point is one, not of law, but of fact. It is superfluous to add that we do not re-examine questions of fact in this class of actions. There are two or three clerical errors in the charge of the court, but they are apparent, and it was not claimed upon the argument that they in any manner affected the result; besides, the words which should have been used, and probably were, are readily supplied from the context. But nothing was claimed on account of these clerical mistakes, and it is unnecessary to notice them.