# THE SUPREME COURT

OF

# OREGON,

## OCTOBER TERM, 1890.

[Filed October 20, 1890.]

## DANIEL SONNEBORN, APPELLANT, *v.* THE PORTLAND AND VANCOUVER RAILWAY COMPANY, RESPONDENT.

NOTICE OF APPEAL—ASSIGNMENT OF ERROR.—The *notice of appeal must contain a specification of the errors upon which the appellant intends to rely upon the appeal.* Swift v. *Mulkey,* 17 Or. 532, approved and followed.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

This is an action to recover damages for negligence. The complaint alleges, in substance, among other things, that heretofore, on the fourteenth day of October, 1888, the plaintiff David McMillan and one John Antone had charge and possession of a certain steam saw, used for sawing cord wood into proper lengths to suit customers, and that said defendant, its superintendent, agents and servants, then and there requested the plaintif' and his associates to move their said steam saw up to a certain pile of cord wood, located on the line of said railway within a few feet of the track of said railway, in front of the first block of land south of Monk's grocery store in

the town of Albina, on Margretta avenue, and then and there requested the plaintiff and his said associates to set up said steam saw between said wood pile and the track of said railway and to saw wood enough and sufficient for the use of the engine and cars that defendant was then and there operating on said railway that day; and that in pursuance of said request the plaintiff and his said associates did move said steam saw up to said wood pile, and did set up said steam saw at the place aforesaid, and that it was ascertained by the plaintiff and his associates before and at the time said steam saw was placed in position, that by moving in the engine and train of cars that defendant was then operating on said railway, slowly, cautiously, and in a careful manner in passing said steam saw, said engine and train of cars would pass without touching said saw or in any wise interfering with said saw or any of its attachments or the plaintiff or his associates, and it was then and there agreed between the plaintiff and the defendant that the said train of cars in passing said saw should slow down and pass said saw in a slow, cautious and careful manner, and would take on wood near said saw, and that at Munk's grocery store, about one block distant from said saw, said train would stop to take on and let off passengers in going each way, and plaintiff and his associates were then and there assured by the defendant, its agents and servants, that said train would stop at Munk's grocery store and pass said saw in a slow, cautious and careful manner; that plaintiff relied upon said agreement and representations and commenced sawing wood until said train passed said saw three times safely as agreed upon; but the plaintiff avers that on the return trip from Vancouver, and being the fourth time that said train passed said saw, the defendant, its agents and servants, disregarding said agreement and assurance, carelessly and negligently moved said train at a high rate of speed and passed Munk's grocery store and said saw without stopping, and did not slow down or slacken the speed of said train, and did not pass the plaintiff's said saw slowly or in

a cautious or careful manner, but did pass Munk's grocery store and said saw at a high rate of speed, which caused said train and cars to oscillate upon said track, and to sway back and forth, and that in passing said saw the crossbeams and stake boxes and seats on the flat cars attached to said train swayed over and struck against the shaft of said saw, which was then in motion, and struck said shaft and knocked the same and said saw and gearing out of line and caused said saw to break in pieces, some of the pieces of which were forced and thrown against the plaintiff's right leg below the knee and instantly cut it off. Other personal injuries are also alleged. It is then alleged that defendant's road was not properly constructed, but was constructed in a careless and negligent manner. The plaintiff then alleges with greater particularity how said train was made up, the width of the cars and coaches causing the collision already set forth. After alleging many other particulars not necessary to be specially noticed, the plaintiff claims damages in the sum of $15,000.

The defendant's answer denied the material allegations of the complaint, except that it owned the road and operated the cars.

A trial before a jury resulted in a verdict and judgment in favor of the defendant, from which this appeal is taken.

The appellant's notice of appeal contains the following assignments of error :

"First—That the evidence is insufficient to justify the verdict.

"Second—That the verdict is against law.

"Third—That the court erred in his instructions to the jury.

"Fourth—That said instructions are against law.

"Fifth—That said instructions were misleading to the jury.

"Sixth—That said instructions are contrary to the testimony taken at the trial.

"Seventh—That the court erred in overruling the plaintiff's motion for a new trial."

*C. B. Bellinger*, for Respondent.

*Jones & Stewart* and *E. O. Doud*, for Appellants

STRAHAN, C. J., delivered the opinion of the court.

Upon the trial here all of the assignments of error were abandoned except the third, fourth, fifth, and sixth, which relate to the supposed misdirection of the court in charging the jury. Several pages of instructions are copied into the bill of exceptions, but the assignments of error contained in the notice are not sufficiently explicit to enable us to know from an inspection of the record upon what particular errors counsel for appellant intend to rely. None are pointed out by the notice of appeal, and these assignments of error may relate to any exception to the charge contained in the record. This court has many times held such assignments to be too general to raise any question for review on appeal. The latest expression on that subject is *Swift* v. *Mulkey*, 17 Or. 532, which is decisive of this case.

We could not enter upon an examination of the alleged errors in this record without setting at naught all of the precedents in this court on that subject. The practice is too firmly established to be disturbed. It is perhaps hardly necessary to say that new trials being in the discretion of the trial court, their rulings on motion upon that subject present no question for review here.

It follows that the judgment appealed from must be affirmed and it is so ordered.