THE STATE OF IOWA, Appellee, V. S. D. VIERS, Appellant.

1. **Intoxicating Liquors:** NUISANCE: INTENT TO SELL FROM BUILDING: INSTRUCTIONS. It is not necessary that the intent be to sell intoxicating liquors in or from the building in which they are kept, if kept for sale at all, to constitute an offense under sections 1528 and 1543 of the Code.

2. ———: ———: PRESENCE OF LIQUORS IN BUILDING. The sale of liquors from a building, occupied by the defendant, constitutes a nuisance under the above provisions of the Code, whether the liquors are kept therein or not.

3. ———: ———: INSTRUCTIONS: PRACTICE. Where the instructions given in a cause are correct as far as they go, a party cannot complain of the failure to give certain other instructions which were not requested by him.

4. **New Trial:** MISTAKE OF WITNESS. The fact that erroneous statements were made by a witness upon the trial, because of his misunderstanding of a question put to him will not entitle the party affected thereby to a new trial in the absence of any showing of prejudice because of such evidence.

5. **Witnesses:** INTEREST: INSTRUCTIONS. A jury may properly be instructed, that in weighing the testimony of the witnesses they should "consider their demeanor and appearance, and their lack of interest in the result of the action, and their interest or disposition to shield the defendant," if in the opinion of the court the case demands such an instruction, and no abuse of discretion is shown.

*Appeal from Montgomery District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, MAY 13, 1891.

THE defendant was indicted and convicted of the crime of maintaining a nuisance by keeping a building for the sale of intoxicating liquors. He now appeals to this court.—*Affirmed.*

*C. E. Richards* and *Edward Mills*, for appellant.

*John Y. Stone*, Attorney General, and *R. W. Beeson*, County Attorney, for the State.

BECK, C. J.—I.    The court gave an instruction to
the jury in the following language:    "2.    The specific

1. INTOXICATING liquors: nuisance: intent to sell from building: instructions.

offense charged against the defendant
herein is that of keeping a nuisance ; that
is, of keeping a building or place within
this county, wherein he sold, and kept with
the intent to sell, intoxicating liquors, contrary to law.
A building in which intoxicating liquors are in fact
sold unlawfully, or in which intoxicating liquors are
kept for the purpose of sale or exchange unlawfully, is
a nuisance, and the person who keeps a building for
that purpose is guilty of keeping a nuisance.    In order
to make out the offense the presence of intoxicating
liquor is essential and necessary."    This instruction is
the ground of complaints by the defendant.    It is first
insisted that the instruction is erroneous in that it fails
to inform the jury that to establish the crime charged
it must appear that intoxicating liquors were kept in
the building for the unlawful sale in and from it.    The
instruction is correct.    "The keeping of intoxicating
liquors with the intent on the part of the owner thereof,
or any person acting under his authority, or by his
permission, to sell the same within the state contrary"
to law, is prohibited.    Code, sec. 1523.    The violation
of this prohibition constitutes the crime of nuisance,
and is punished accordingly.    Code, sec. 1543.    The
plain language of these statutes provides that the keeping of intoxicating liquors for sale in this state constitutes a nuisance.    If the purpose be to sell anywhere in
the state, the defendant is guilty.

II.    It is next insisted that the court should have
directed that the presence of the liquors in the building

2. ——: ——: presence of liquors in building.

is essential to constitute the crime.    We
think otherwise.    If one house is used for
the sale of intoxicating liquors, which are
kept in another, there can be no doubt but both are
nuisances.    If the liquors were kept in a house not
occupied by the defendant, yet sold in a house occupied
by him, he was guilty of committing a nuisance by
making sales of liquor\

III. Counsel for the defendant complain because certain instructions upon points of the case involving presumptions as to keeping liquors for illegal sale were not given, but no such instructions were asked. Those given are correct as far as they go. As the defendant did not ask for others he cannot now complain. *State v. Helvin*, 65 Iowa, 289 ; *State v. Tweedy*, 11 Iowa, 350 ; *Mackie v. Railroad*, 54 Iowa, 540 ; *State v. O' Day*, 69 Iowa, 368 ; *Hall v. Stewart*, 58 Iowa, 681 ; *Gwynn v. Duffield*, 66 Iowa, 708.

3. ——: ——: instructions: practice.

IV. A witness, after the verdict, made affidavit that he did not understand a question asked him, and, therefore, he gave an incorrect answer. Without holding that a new trial may be granted upon such a ground, it surely must appear, if it be a ground for a new trial, that prejudice resulted to defendant from the incorrect evidence. But in this case it does not appear that prejudice did result from the evidence ; for it is very clear that the verdict could not have been based upon the incorrect evidence, or that it tended to influence the verdict of the jury.

4. NEW trial: mistake of witness.

V. The court directed the jury that in weighing the testimony of witnesses they should "consider their demeanor and appearance, and their lack of interest in the result of the action, and their interest or disposition to shield the defendant." The instructions are very proper, and, we think, quite timely, in this case. The court below was required to give this instruction if in his opinion the case demanded it. In the absence of any evidence showing that in this regard the court abused its discretion, or that there was an absence of facts justifying it, we shall presume that the demeanor and conduct of the witnesses, and their manner of testifying, justified the instructions.

5. WITNESSES: interest: instructions.

The verdict is sufficiently supported by the evidence. The judgment of the court below is AFFIRMED.