Argued January 20, affirmed February 24, 1920.

## LATOURETTE *v.* NICKELL.

(187 Pac. 621.)

**Executors and Administrators — Executor and Legatee Entitled to Appeal from Allowance of Claims Against Estate.**

1. The executor and trustee of an estate as such may, in his representative capacity, appeal from an order allowing a claim against the estate, and where such executor was the next of kin and a beneficiary under the will, he has such an individual interest as will entitle him to appeal from the allowance of the claim.

Executors and Administrators—Executor's Appeal from Order Allowing Claim not Affected by Order Requiring Payment.

2. The right of an executor to appeal from an order of the county judge, directing him to pay a claim, given by Section 1241, L. O. L., cannot be abridged by the County Court by an order requiring him to pay the claim under penalty of removal.

Executors and Administrators—Payment of Claims Without Order of County Court No Ground for Removal.

3. That an executor paid out funds of the estate without order of the County Court is no ground for removal, in view of Section 1241, L. O. L., providing for payment of claims found just by the executor although the more prudent course is for an executor to procure an order of court before paying out money.

Executors and Administrators—Petition held to State Conclusions and No Ground for Removal of Executor.

4. A petition, stating that the executor wrongfully paid money to persons not entitled to the same, and that such moneys should have been paid to claimant, etc., does not state grounds for removal of the executor; the allegations being mere conclusions of the pleader.

From Yamhill: HARRY H. BELT, Judge.

Department 1.

This is an appeal from an order of the Circuit Court, sustaining a writ of review to the County Court of Yamhill County sitting in probate. The salient points in controversy may be briefly stated as follows:

On November 14, 1911, Willard H Latourette died testate in Yamhill County, and by his will appointed Lyman E. Latourette executor and also trustee of such part of his estate as should remain undisposed of after administration. Lyman T. Latourette was a son and next of kin to the deceased and a beneficiary under the will.

On November 2, 1909, Arthur C. Harlow and Willard H. Latourette executed their joint and several promissory note to Byron T. Randall, whereby they promised to pay to Randall the sum of $800, with interest after

maturity at the rate of 6 per cent, and reasonable attorney's fees in case of suit.

In March, 1914, Byron T. Randall presented the note to Lyman E. Latourette, as executor, as a claim against the estate of Willard H. Latourette, and the claim was allowed in the sum of $800.

On December 31, 1916, Randall died and his widow, Lucinda Randall, became executrix of his estate.

On May 8, 1917, Mrs. Randall, as executrix of Randall's estate, filed a petition setting forth substantially the foregoing facts in relation to the execution, presentation and allowance of the claim upon the $800 note, and alleged that the estate was solvent and possessed of property of the value of forty thousand ($40,000) dollars; that the executor had paid out a large amount of money upon claims which had never been filed or proven in the County Court, and had retained large sums of money in his own hands; that the executor had on hand sufficient funds to pay said claim, and that payment thereof had been demanded and refused, and prayed for an order citing the executor to appear and show cause why he should not pay said claim, and requiring him to pay it or be removed as executor.

To this petition the executor filed an answer, admitting the execution of the note, but alleged that Willard H. Latourette executed it only as surety for Arthur C. Harlow, and that said fact was at all times known to Byron T. Randall; admitted the presentation and approval of the claim for $800, but alleged that said approval was obtained by fraud and misrepresentation of facts set forth in the answer, and through ignorance ·of the true conditions under which said note was obtained and held by Randall; denied that the estate was possessed of property of the value of $40,000, or any

greater sum than $11,950, which he alleged would probably, under favorable conditions, sell for a sum sufficient to pay all claims against the estate, but under conditions existing at the time of filing the answer it was alleged that it was doubtful if the property would be sufficient to pay all claims; denied that the executor had any funds whatsoever in his hands applicable to the payment of said claim, and admitted that payment thereof had been demanded and refused.

The answer then set up the following defense:

"That this executor is advised and believes and alleges the facts to be that the consideration for said note and the conditions thereof were and are as follows: On or about April 15, 1909, Byron T. Randall, being the owner of a certain lot 50 feet by 110 feet having a building thereon, at the northwesterly corner of Front and Hall Streets, in the City of Woodburn, Oregon, entered into a contract with one J. C. Gregory for the sale thereof to said Gregory for the sum of $2,200, payable as in said contract provided; that thereafter, at or about the time of the making of said note said Gregory sold, assigned or transferred to said Arthur C. Harlow his right and interest in and to said contract; that said Gregory at or about the time of making said contract with said Randall gave to said Randall certain security, the exact nature of which is to this executor unknown, which security was collateral to said contract to guarantee the making of certain payments on the purchase price of said property by said Gregory; that at the time of said transfer to said Harlow it was agreed between said Randall and said Harlow that said Harlow should obtain and give to said Randall a promissory note in the sum of $800 due in three years at 6 per cent interest with said W. H. Latourette as surety thereon, which note should be collateral security for the purpose only of guaranteeing payments on said contract by said Harlow to the extent of $800, whereupon such note should be surrendered and canceled; that thereupon said Harlow obtained

such note, which is the same note set out in the petition herein and gave the same to said Randall to hold upon said terms and conditions, and thereafter said Harlow made payments on said contract from time to time up to and including February 17, 1915, which payments so made to said Randall aggregate more than the said sum of $800, to wit: the sum of $947 or more, and thereby said note was discharged and the same should be canceled.

"That this executor further alleges that he did not ascertain or learn the facts above stated until long after the receipt and approval of said note as a claim against the estate of said Willard H. Latourette, deceased; that said Randall at the time of presenting said note for approval as a claim against said estate, stated and represented to this executor that said note was given generally to guarantee all of the payments to be made on said contract, and your executor herein believed said representations and relied thereon and so approved said claim, whereas in truth and in fact said representations were and are false, and said note should not have been approved or allowed for more than the difference between the amount of such payments and the amount of said note, which difference was at that time the sum of $66, or thereabouts, and thereafter further payments were made on said contract by said Harlow to said Randall amounting to $240, or thereabouts, and thereupon said Harlow, being unable to continue making further payments, surrendered up and turned back said property to said Randall after having made permanent improvements thereon so that said property was of greater value when turned back to said Randall than when sold, and said Randall received and accepted the same, and thereby said Randall was and is estopped from attempting to obtain further payment on said contract by enforcing payment of said note."

On July 17, 1917, the court, on motion of petitioner, struck out that part of executor's answer, last above quoted.

The cause thereafter came on for hearing upon the petition and emasculated answer, and the court found substantially in conformity with the allegations of the petition, and on December 3, 1917, entered a decree directing the executor to pay to Lucinda Randall, as executrix, the sum of $1,040 and costs and disbursements of the proceeding, and further decreeing that if he failed to pay the same within 30 days an order should be entered removing him as executor and appointing a successor as administrator, with will annexed, and that said executor make and file herein forthwith a full account of all the property of the estate; that the same be turned over to his successor, and that the executor account to him for all money and property coming into his hands as such executor and belonging to said estate; and, further, that said claim of said Byron T. Randall in the sum of $1,040 is adjudicated and decreed to be a valid and legal claim against this estate, and said executor is adjudged to be estopped to further dispute the same or any part thereof.

On December 17, 1917, the executor served and filed his notice of appeal to the Circuit Court from said order and his undertaking on appeal, and the same was perfected before the expiration of the 30 days prescribed in the decree of December 3d. Thereafter and on January 4, 1918, the County Court made an order reciting the decree of December 3d, and further reciting that the executor had wholly failed and refused to comply therewith and wholly failed to pay said claim, and that Lucinda Randall was entitled to an order carrying the same into effect, it was adjudged that the executor be removed, and that M. D. Warren be appointed executor in his stead.

Thereupon Lyman E. Latourette, trustee, and Lyman T. Latourette, the next of kin of deceased and one of

the beneficiaries under the will, sued out this writ of review to the Circuit Court for alleged error in the proceedings in the County Court, as the matter hereinbefore recited. Upon the hearing the court sustained the writ set aside and annulled the decree and order of the County Court removing the executor, from which decree the petitioner in the probate proceedings appeals to this court.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief and an oral argument by *Mr. Lyman E. Latourette.*

McBRIDE, C. J.—1. A preliminary question is raised by the appellants as to the sufficiency of the parties. The record shows that Lyman E. Latourette is the trustee named in the will of Willard H. Latourette, as well as the executor, and that Lyman T. Latourette is the son and next of kin of the testator. Both of these have such an interest in the disposition and management of the estate as entitle them to sue out a writ of review when it appears the inferior court has exercised its functions erroneously to their prejudice. Lyman E. Latourette, the executor removed by the order and trustee under the will, had a clear right to have the proceedings reviewed, and the other petitioner, being a beneficiary under the will and *prima facie* entitled to administration as next of kin in case of the removal of the executor, would seem to have such an interest. Both are parties to the record to the extent at least that an order of the court, which removes an executor for appealing from an order requiring him to pay a disputed claim, the executor has a right, under the statute, to appeal to the Circuit Court, and in cases where he has

a *bona fide* doubt as to the justice of the claim or the correctness of the decision, it is his duty so to appeal in the interest of the beneficiaries of the estate.

2. We do not now pass upon the sufficiency of the matter in the answer stricken out by the County Court; that will come before the Circuit Court in due course upon the appeal taken from the County Court. It presents a close question and one which the executor had a right to litigate. The right of appeal by the executor from the order directing him to pay the claim is given by Section 1241, L. O. L., and the County Court cannot abridge that right by requiring him to pay under penalty of removal.

3, 4. The petition filed by Mrs. Randall was not sufficient to show cause for removal of the executor. It is alleged, first, "that since the appointment of said executor, Lyman E. Latourette, * * he has paid out large sums of money to divers persons without the order of this court." There is no statute requiring the executor to obtain an order of court to pay money upon approved claims. Section 1241, L. O. L., provides

"When the claim is presented to the executor or administrator, as prescribed in the last section, if he shall be satisfied that the claim thus presented is just, he shall indorse upon it the words 'examined and approved,' with the date thereof, and sign the same officially, and shall pay such claim in due course of administration."

Of course it is the better and more prudent course to obtain an order of the County Court directing the payment of a claim, or otherwise it might happen in the course of administration that the County Court would take a different view as to the justice of the claim from that taken by the executor, and he and his bondsmen find themselves required to make good an amount paid upon an illegal or improper claim, but there is no law

absolutely requiring an order of court before paying a claim.

The petition further alleges "that said sums of money have been wrongfully paid to persons not entitled to the same," which is a mere legal conclusion, and, further, that said sums of money "should have been paid to and upon the claim of Byron T. Randall," which is another legal conclusion from the first, and that "large sums of money have been wrongfully paid out upon claims not filed or approved by the court." Such filing and approval not being required, as before shown. To say that a thing is done or omitted "wrongfully" is usually a mere legal conclusion, a mild vituperative epithet, and adds nothing to the force of a pleading, except in those rare cases where the statute has expressly made that mode of pleading sufficient.

To remove an executor selected by a person to administer and care for his affairs, when he shall be dead, and substitute in his place a stranger, the petition should show, not by legal conclusions, but by explicit instances, if possible, the unlawful acts complained of, and they should certainly go further than to show a mere refusal to pay a disputed claim.

It is apparent from the record here that the whole object of the proceeding was to compel the executor to pay a disputed claim, and that his removal was because he refused to obey the order of the court requiring him to do so. Learned counsel for the appellant in his final summing up practically announces this to be his view. He says:

"The only question here is, Did the court, in making the order of removal, have jurisdiction, that is: legal power to remove him for his failure to perform the order directing him to pay the Randall claim out of the funds of said estate. If the court had the legal right to pass on that question and grant the relief

prayed for in Mrs. Randall's petition, whether he decided right or wrong on that question is not reviewable here if the court had the power to make an order on said petition at all.''

This statement of the case is correct, but the conclusion is a *non sequitur*.

The court did have power to hear the petition and to direct the executor to pay the claim, but it did not have power to make a failure to obey the order a cause for removal in the first instance, or to remove him by means of the subsequent order after he had taken an appeal, which he had a perfect right to take.

We have refrained from discussing the merits of the controversy here, or the sufficiency of the defense set up by the executor in the County Court. These matters are now pending in the Circuit Court upon appeal and should be settled there.

Upon the instant case we are clear that the order of the Circuit Court should be affirmed, and it is so ordered.        AFFIRMED.

BENNETT, HARRIS and BEAN, JJ., concur.

---

Motion to dismiss cross-appeal submitted September 3, dismissed September 24, 1918, argued on the merits January 21, affirmed March 2, 1920.