Argued and submitted October 22, 1984, resubmitted In Banc April 4, reversed and remanded May 15, reconsideration denied July 12, petition for review denied July 30, 1985 (299 Or 583)

COOPER et ux,
*Appellants,*

*v.*

COMMONWEALTH LAND TITLE
INSURANCE COMPANY et al,
*Respondents.*

(16-82-01491; CA A31284)

699 P2d 1128

Charles G. Duncan, Eugene, argued the cause and filed the brief for appellants.

Martha C. Evans, Eugene, argued the cause and filed the brief for respondents.

WARREN, J.

Buttler, J., dissenting.

## WARREN, J.

Plaintiffs brought this action to recover costs and attorney fees from their title insurance carrier, contending that defendants breached the contract by refusing to defend a counterclaim asserted against plaintiffs' earlier action for trespass. The trial court granted defendants' motion to dismiss the amended complaint for failure to state ultimate facts sufficient to constitute a claim for relief, and plaintiffs appeal from the resulting judgment. We reverse and remand for further proceedings.

In September, 1979, plaintiffs filed an action for trespass against their neighbors, Peter and Susan Nydam, who counterclaimed, alleging, in pertinent part:

"I.

"Defendants * * * are the owners of real property in Lane County, State of Oregon, particularly described in Exhibit 'A' attached hereto and incorporated herein by this reference as if fully set forth.

"II.

"Defendants and their predecessors have had open, hostile and exclusive possession of the property described in paragraph I above continuously for more than ten (10) years under claim of right and pursuant to a deed and possession of such property is in no other."

In April, 1981, plaintiffs tendered defense of that counterclaim to defendants, who rejected it, reasoning that the counterclaim was for adverse possession and fell within the exclusionary clauses of the insurance policy. Plaintiffs thereafter successfully defended the counterclaim, incurring costs and attorney fees of $12,229.15. This action followed.

The sole question on appeal is whether the language of the Nydams' counterclaim, incorporated in plaintiffs' amended complaint, states a claim which defendant had a contractual duty to defend. Section 3 of the insurance policy provides, in part:

"(a)   The Company, at its own cost and without undue delay shall provide * * * (2) for such action as may be appropriate to establish the title of the estate or interest or the lien of the mortgage as insured, which litigation or action in any of such events is founded upon an alleged defect, lien or

encumbrance insured against by this policy, and may pursue any litigation to final determination in the court of last resort."

Coverage is limited by Schedule B of the insurance policy, which provides, in part:

"This policy does not insure against loss or damage, nor against costs, attorney's fees or expenses, any or all of which arise by reason of the matters shown or referred to in this Schedule * * *.

"* * * * *

"2. Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof."

An insurance company's duty to defend is determined by comparing the terms of the insurance policy with the allegations of the underlying pleading. If the pleading, without amendment, contains allegations which, if true, would impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and has a duty to defend. *Riedel v. First National Bank,* 287 Or 285, 294, 598 P2d 302 (1979); *Oakridge Comm. Ambulance v. U.S. Fidelity,* 278 Or 21, 24, 563 P2d 164 (1977). If the allegations of the complaint are ambiguous or unclear but may reasonably be interpreted to include an incident within the coverage of the policy, there also is a duty to defend. *Blohm et al v. Glens Falls Ins. Co.,* 231 Or 410, 416, 373 P2d 412 (1962). That is true, even when the pleading on its face alleges facts bringing it within a policy exclusion. *Ferguson v. Birmingham Fire Ins.,* 254 Or 496, 506-07, 460 P2d 342 (1969).

Defendants contend that paragraph II of the Nydams' counterclaim states a cause of action for adverse possession, which is excluded from coverage, because it is a claim "not shown by the public records." They apparently dismiss the allegation that the Nydams possessed the property "pursuant to deed" as being the equivalent of possession under "claim of title," a term the Supreme Court has said

"* * * when used in the books to express adverse intent mean[s] nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual title

or right * * *." *Bessler v. Powder River Gold Dredg. Co.,* 95 Or 271, 279, 185 P 753, 187 P 621 (1919). (Citations omitted.)

The court similarly categorized the terms "claim of right" and "claim of ownership" but did not so categorize the term "pursuant to deed." Here, the Nydams alleged possession "under claim of right *and* pursuant to a deed." (Emphasis supplied.) The allegations concerning adverse possession would be sufficient without the language about the deed. In the absence of the language about the deed, there would be no duty to defend, because that duty only arises when there is some claim shown of record. The allegations of the counterclaim were broad enough to allow proof by the Nydams that they were not trespassers, because either they owned the land by adverse possession or they held the land pursuant to a deed. It would also permit evidence that the deed was recorded. If that were the evidence, defendants' policy would clearly provide coverage.

■     In evaluating whether the complaint is vulnerable to a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim for relief,

"* * * we are not permitted to indulge in what the ultimate facts may show which might or might not bring the incident within the liability terms of the policy, but only to inquire whether or not upon fair interpretation of the complaint, a liability may exist under the terms of the policy." *Blohm et al v. Glens Falls Ins. Co., supra,* 231 Or at 417.

■     Defendants appear to argue, however, that, because the allegations of adverse possession are sufficient without the deed language, that language is surplusage and may be disregarded in determining whether a defense must be provided under the policy. They are mistaken. No motion was made to require a separate statement of those two possible defenses. On the face of the complaint, it cannot be determined whether the allegations about the deed or the allegation about adverse possession are surplusage. Either proof the Nydams had adversely possessed the property or that they were owners by deed would have been a full defense to plaintiffs' claim that they were trespassers.

The motion to dismiss the amended complaint was improperly granted.

Reversed and remanded.

**BUTTLER, J.,** dissenting.

Because I agree with the trial court that the counterclaim in the earlier action alleged title by adverse possession only, against which the title insurer was not obligated to defend, I dissent.

Defendants contend that paragraph II of the Nydams' counterclaim in the prior action states a cause of action for adverse possession, which is excluded from coverage because it is a claim "not shown by the public records." Plaintiffs, on the other hand, emphasize the Nydams' allegation that they possessed the property "pursuant to deed," which plaintiffs claim asserts a defect in their record title and is a defect against which defendants insured. That phrase is included in the paragraph of the counterclaim that clearly alleges the elements of adverse possession. It is so included, I believe, because the Nydams were claiming adverse possession under color of title, or "paper title," about which the court in *Swift v. Mulkey,* 17 Or 532, 535, 21 P 871 (1889), said:

> "* * * The distinction between entering into possession under paper title, or color of title, and mere claim of ownership, is, that under a color of title any adverse possession extends to the whole tract described in the paper title, while under a mere claim of ownership, adverse possession only extends to that part actually occupied. * * *"

One may claim title to property through adverse possession under claim of right without its being under color of title or pursuant to a deed. If there is no instrument describing the metes and bounds of the property claimed, the adverse possessor can only gain title to that portion which is actually occupied. *Parker v. Kelsey,* 82 Or 334, 161 P 694 (1916); *Note,* "Adverse Possession—Color of Title—Origin of Doctrine," 22 Or L Rev 188 (1943). The Nydams attached to their counterclaim a metes and bounds description of the property they claimed the right to possess.

The majority states:

> "* * * The allegations concerning adverse possession would be sufficient without the language about the deed. *In the absence of the language about the deed, there would be no duty to defend, because that duty only arises when there is*

*some claim shown of record.* The allegations of the counterclaim were broad enough to allow proof by the Nydams that they were not trespassers, because either they owned the land by adverse possession or they held the land pursuant to a deed. It would also permit evidence that the deed was recorded. If that were the evidence, defendants' policy would clearly provide coverage." 73 Or App at 543. (Emphasis supplied.)

The majority thus concedes that the duty to defend arises only when there is some claim shown of record. The Nydams did not allege that the deed under which they claimed was of record or, more importantly, that it was recorded prior to plaintiffs' deed. That is the fundamental problem with plaintiffs' argument. The majority attempts to cure that defect by stating that the allegation would permit evidence that the deed was recorded. Although that is true, even if the allegation had been that the Nydams were in possession "under claim of right," and had omitted "and pursuant to a deed," evidence of a recorded deed would have been admissible. Accordingly, given the majority's analysis, the pleading could be reasonably interpreted to include an incident within the coverage of the policy, and defendants would have had a duty to defend. Yet the majority concedes that if the allegation had omitted the deed language, there would have been no duty to defend.

In my opinion, the counterclaim did not allege a defect in plaintiffs' *record* title, which defendants insured. The title policy excluded "claims which are not shown by the public records." I conclude that the Nydams' counterclaim unambiguously alleged a claim of title by adverse possession under color of title, a claim that defendants did not insure against and were not required to defend. The motion to dismiss was properly granted; accordingly, I would affirm.

Rossman and Newman, JJ., join in this dissent.