# BROWN v. TOLLES.

An appeal from an order granting a new trial, to be effectual, must be taken within the time allowed by statute.

This Court will not review the facts of the case, unless a new trial was demanded in the Court below.

Errors in law, occurring in the Court below, will be reviewed in this Court, although a new trial was not asked.

To hold that a new trial must be asked for, in all cases, before the error can be reviewed, would be in violation of all the settled rules of law on this subject, and would virtually make it necessary for the Court below to commit the same error twice, before an appeal would lie.

If a party complains of error, he should show wherein the error consists. This Court cannot be expected to act in the double capacity of counsel and judges.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The plaintiff recovered judgment in the Court below, on the fourteenth of July, 1856, for a small sum of money. Afterwards, he moved for a new trial, which being granted, the case was re-tried, and judgment again entered for plaintiff, on the tenth of October, 1856.

On the same day, defendant gave notice of appeal from "the order granting a new trial, and the judgment entered on the tenth of October, 1856." The record contains a portion of the

proceedings of both trials, so intimately connected as to make it impossible to separate one from the other. The statement of the case is neither signed by the Judge, nor agreed upon by the parties; and the points made in this Court by appellant, are confined to the alleged irregularity of the order granting plaintiff a new trial, and to certain instructions given to the jury at the second trial.

*E. D. Baker* for Appellant.

*Francis J. Dunn* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The record in this case contains eighty-two pages, much of which is so badly written as to be almost unintelligible. The appellant has assigned three grounds of error, the first of which is the granting of a new trial. This comes too late; he should have appealed from the order granting the new trial, during the time allowed by the statute, and cannot, after taking his chances upon a second trial, rely on this as error. The other two errors assigned, are to the giving and refusing certain instructions on the trial. These instructions may be right or wrong, but the counsel for the appellant has not adduced any argument, or vouchsafed any reason for his position; and we cannot, without some reason or reference to the testimony, be expected to wade through the record to find argument, or invent pretexts for reversing the cause. If a party complains of error, and seeks a reversal, it is due to us that he should show wherein the error consists. We cannot be expected to act in the double capacity of counsel and judges.

The respondent, who has filed a brief in this case, seems to rely on the fact that no motion was made for a new trial, and contends, on the authority of Hill v. White, and Brown v. Graves, 2 Cal., that this Court cannot review errors of law committed on the trial, except there has been a motion for new trial.

As this is an important point of practice, we have thought proper to settle it in this opinion. This Court has never gone further than to decide, that it would not review the facts of a case unless a new trial was asked for in the Court below. To go further, and hold that a new trial must be asked for, in all cases, before the error could be reviewed, would be in violation of all settled rules of law on this subject. At common law, a motion for new trial released the errors, and a writ of error would not lie after the motion had been made. There is no provision in our Practice Act, of which we are aware, that has changed the rules so as to make a motion necessary. As a matter of public convenience, it ought not to be established, for it would delay

appeals from one to three months, while the motion was pending; and, in the language of a learned counselor, compel the Judge below to commit the same error twice, before an appeal would lie.

In conclusion, we would add, that it is impossible for us to determine causes upon the record alone, without the assistance of counsel, and that no brief at all is worse than one too voluminous.

Judgment affirmed.