THE BURLINGTON AND MISSOURI RIVER RAILROAD IN NEBRASKA, PLAINTIFF IN ERROR, v. JAMES H. HARRIS, DEFENDANT IN ERROR.

1. **Practice**: ASSIGNMENT OF ERROR. Assignments of error respecting the admission or the rejection of evidence, or the instructions to the jury, must be specific or they will not be considered. And it must also appear that the errors complained of in these particulars were particularly referred to and brought to the attention of the court below in the motion for a new trial.

2. ———: ESTOPPEL: PLEADING. If an estoppel be relied on as a defense to an action, in order to be availing it must be plead.

ERROR from the district court for Lancaster county.

*T. M. Marquett,* for plaintiff in error.

*Lamb, Billingsley & Lambertson,* for defendant in error.

LAKE, J.

The action in the district court was to recover the price of a span of horses purchased by the defendant

from the plaintiff. In his answer the defendant admitted the sale of horses to him as alleged in the petition, but, as a defense to a recovery and set-off, set up that they were taken by him in part payment of an account which he had against the plaintiff for sundry moneys advanced by him while in its employ, and on which he claimed a judgment for a balance remaining unsatisfied.

The plaintiff in general terms replied that the defendant had been paid in full for all moneys so advanced by him, but when or how is not stated. Upon this issue there was a trial resulting in a verdict for the defendant, on which judgment was duly entered.

The errors assigned are: "1st. That the said court erred in the instructions given to the jury on the trial of said action." "2d. That the said court erred in refusing to give said instructions, which the plaintiff prayed the said court to give." "3d. That said court erred in admitting the evidence of said James H. Harris, and other witnesses, to which the said plaintiff objected." "4th. That the said court erred in ruling out the evidence offered by the said Burlington & Missouri River Railroad Company in Nebraska, and to which plaintiff objected." "5th. That the said judgment was given for the said James H. Harris when it ought to have been given for the Burlington & Missouri River Railroad Company in Nebraska, according to the law of the land."

The first four of these assignments are bad for indefiniteness, and fall clearly within the rule so frequently announced by this court. *Lynam v. McMillan* and *McCormick v. Keith,* decided at this term. But even if we were at liberty under our rule of practice in this respect to consider the instructions given and refused, we should feel bound to declare that there was no error in respect to them. As to those given it is

not seriously contended that they lay down the law incorrectly, and they do not. While those that were refused were evidently predicated upon the idea that the defendant was estopped by his conduct from denying that certain payments were made by the plaintiff as expressed in the vouchers, although proved to have been made by the defendant himself. But the doctrine of estoppel has no application to the case under the pleadings. If an estoppel be relied on as a defense to an action it must be plead, or it will not avail the party. *Wilson v. Butler*, 33 Eng. Com. Law, 956. *Philadelphia, Wilmington & Baltimore R. R. Co. v. Howard*, 13 How. (U. S.), 307.

The fifth assignment is merely formal, and has no merit. It has nothing to rest upon. By it our attention is challenged to the entire record in order to ascertain if there be not some radical objection to the judgment. No such objection has been pointed out by counsel, nor have we been able to discover any. If the defendant made good his answer by the evidence, he was certainly entitled to recover. The jury found in his favor, and it is not claimed that the verdict is unsupported by the evidence. The judgment follows the verdict, and we see no objection to sustaining it.

JUDGMENT AFFIRMED.