Filed June 18, 1889.

————◆————

No. 12,339.

MAGUIRE ET AL. *v.* BISSELL.

REAL ESTATE.—*Mortgage.*—*Description.*—*Words Expressing Quantity.*—A mortgage contained a description of a part of lot 10, block 37, in the city of Indianapolis, the metes and bounds given making 45 feet and 6 inches on Delaware street, by 163 feet and 7 inches in depth. It also included other ground, described as " also, fourteen feet and six inches (14 ft. 6 in.) off the south side of lot eleven (11) in said square thirty-seven (37), of the city of Indianapolis, *being in all sixty (60) feet front on Delaware street, by one hundred and sixty-three feet and six inches in depth.*" Lot 11 was, in fact, 196 feet in depth. The mortgage was foreclosed and the land sold, the description as given being carried through all the proceedings.

*Held,* that the words italicised are not words of description, qualifying

the preceding words, but words expressing quantity merely, and that a strip of ground off the south side of lot eleven 14 feet and 6 inches wide by 196 feet in depth passed by the mortgage and sale.

From the Marion Superior Court.

*J. S. Tarkington,* for appellants.

*D. M. Bradbury,* for appellee.

BERKSHIRE, J.—This is an action brought by the appellee against the appellants to quiet title to real estate. There were originally four paragraphs in the complaint. The court below sustained demurrers to the first and fourth, and they passed out of the record. Issues were joined on the second and third paragraphs, and upon the trial at special term, which was a trial by the court, the finding was for the appellee, and, over a motion for a new trial, judgment was rendered for the appellee. An appeal was taken to the general term, and the judgment of the court in special term was affirmed.

The second paragraph of the complaint is somewhat lengthy, but among other things alleged therein are the following: The appellant Anna R. Maguire was the owner in fee simple, on the 3d day of May, 1876, of the following real estate in Marion county, Indiana, to wit: 163 feet off of the east end of lot numbered 10, square 37, in the city of Indianapolis, fronting on Delaware street, and 14½ feet off of the south side of lot No. 11, in said square, fronting on said Delaware street, adjoining said lot 10, and extending back 196 feet and 7 inches to Massachusetts avenue; and on that day she, together with her husband, Douglass Maguire, executed a mortgage to the appellant, intending thereby to mortgage said real estate to secure a loan of money to her said husband; that by mistake of the parties and of the scrivener who drew the mortgage, the following description was inserted therein: "All those certain tracts or parcels of land known as part of lot ten (10), in square thirty-seven (37), in the city of Indianapolis, bounded as follows, to wit: commencing at

the south corner of lot eleven (11), in said square; thence west on south line of said lot eleven (11) one hundred and sixty-three feet and seven inches (163 ft. 7 in.); thence south forty five feet and six inches (45 ft. 6 in.) to the south line of lot ten (10), thence east one hundred and sixty-three feet and seven inches (163 ft. 7 in.) to Delaware street; and thence north forty-five feet and six inches (45 ft. 6 in.) to the place of beginning; also, fourteen feet and six inches (14 ft. 6 in.) off the south side of lot eleven (11), in said square thirty-seven (37), of the city of Indianapolis, being in all sixty (60) feet front, on north Delaware street, by one hundred and sixty-three feet and six inches in depth." That the appellee foreclosed the mortgage, obtained a decree, procured a sheriff's sale, was the purchaser at the sale, and obtained a sheriff's deed, the description as inserted in the mortgage being followed all the time; that afterwards the said Anna R. Maguire and her said husband conveyed all of that part of said lot eleven, from a point one hundred and sixty-three feet and seven inches west of Delaware street to Massachusetts avenue, to one William T. Steele, who is asserting title thereto; that the appellee is the owner of all of said real estate, and that a cloud has thus been cast upon his title, and he asks that his title be quieted.

The third paragraph of the complaint is an ordinary paragraph to quiet title. In it the real estate is described as in the mortgage, except the words " by one hundred and sixty-three feet and six inches in depth " are omitted.

The sufficiency of the second paragraph of the complaint is discussed by counsel for the appellants, and various rulings of the court as to the admission of testimony offered by the appellee on the trial are questioned.

It will be unnecessary for us to consider these various questions if the description which was inserted in the mortgage includes that part of lot 11 conveyed by the Maguires to Steele, for in that event the judgment is right, and should be affirmed, for the reason that the said conveyance cast a

cloud upon appellee's title which he was entitled to have removed.    We will proceed, therefore, to consider the words of description relating to said fractional part of said lot: "Also, fourteen feet and six inches (14 ft. 6 in.) off of the south side of lot eleven (11), in said square thirty-seven (37), of the city of Indianapolis."

The words quoted give a complete and perfect description, and if these are all of the descriptive words, then all difficulty is removed, for it is clear that they describe a fractional part of lot 11, fourteen and a half feet wide, on the south side thereof, and extending along its entire length, and include that part which the Maguires attempted to convey to Steele.

The remaining words are :  " Being in all sixty (60) feet front on North Delaware street, by one hundred and sixty-three feet and seven inches in depth."

It is our opinion that these are not words of description, qualifying the words above given, but are to be regarded as words expressing quantity.    They apply with the same force to lot 10 as to lot 11.    The part of lot 10 which is mortgaged is described by metes and bounds which are definite and certain.    It will hardly be contended that these words can have any controlling effect upon the description as given of that lot, or that it was so intended by the parties or the scrivener who drew the instrument. ·

The description of lot 11· is equally as definite as the description of lot 10, and if the said words do not have the effect to modify or control the one description, it can not be claimed that they modify or limit the other.    One illustration will suffice :    A. executes a conveyance to B., describing in terms the northeast quarter of the northeast quarter of section 8, town 8, range 8 east, and immediately following the description are these words :  "Being twenty acres of land."   Evidently the deed would convey all the land included in the congressional description, and the words quoted would be disregarded.    In construing the deed these words would be dis-

regarded as words of description, but construed as words expressing quantity ; and as descriptive words, when definite and certain, are to be looked to in ascertaining the real estate conveyed by the deed, rather than words expressing quantity only, the words " being twenty acres of land " would have no influence in ascertaining the particular land conveyed by the deed in the case supposed. The case supposed is exactly parallel with the case under consideration.

The number of feet named in the mortgage of the Maguires to the appellee was a less number than the number included in the part of the lot described, but this inaccuracy could not control, modify or limit the quantity included in the words of description, definite and certain as it was.

The appellee, by his sheriff's deed, acquired title to fourteen and one-half feet of ground on the south side of lot 11, block 37, extending from Delaware street to Massachusetts avenue ; therefore, the judgment must be affirmed.

Judgment affirmed, with costs.

ELLIOTT, C. J., took no part in the decision of this case.

Filed May 10, 1889; petition for a rehearing overruled June 18, 1889.