Cobb *et al. v.* Taylor *et al.*

Filed February 17, 1893.

---

No. 15,967.

## COBB ET AL. *v.* TAYLOR ET AL.

ASSIGNMENT OF ERROR.—*Failure to Discuss in Brief.—Refusal of Court to Consider.*—Mere assertion of error by appellant in his brief, unsupported by argument or authority, can avail nothing on appeal, as the court will refuse to consider it.

DESCRIPTION OF LAND.—*So Many Rods Off South Side of a Quarter Section. —Meaning of.—Sufficiency.*—Where the court instructed the jury that land described as "seventy-eight rods off the south side of the northwest quarter of section number twenty-five," in a given township and range, "describes a fractional part of said quarter seventy-eight rods wide, on the south side of said quarter, and extending along the entire length,"

such instruction was correct, being supported both by the deed and the evidence; the construction contended for by defendants, that the above description meant seventy-eight square rods of land, was not tenable.

From the Wabash Circuit Court.

*B. M. Cobb* and *C. W. Watkins*, for appellants.

*W. H. Trammel, M. L. Spencer, W. A. Branyan* and *J. C. Branyan*, for appellees.

McBRIDE, J.—The appellants assign twelve alleged errors. They have, however, failed to discuss any except the first, and the others are, for that reason, waived. It is indeed questionable if there is any discussion of any question presented by the record. The first error assigned is that the court erred in overruling a demurrer to the complaint. Counsel, assuming that the complaint proceeds upon a certain theory, cite authorities to show it bad. An examination of the complaint renders it clear that they have entirely misconceived its theory and scope, and neither the argument nor the authorities cited are in point. So far as the other alleged errors are concerned, counsel have contented themselves with the assertion of their opinion that the court erred, without either argument or authority cited, and, indeed, without indicating the character or nature of the asserted error. The rules of appellate procedure will not justify us in spending time in the examination of the record for the discovery and correction of alleged errors which counsel have not seen fit to discuss. Elliott's Appellate Procedure, section 445.

The judgment of the Circuit Court is affirmed.

Filed December 14, 1892.

## ON PETITION FOR A REHEARING.

HOWARD, J.—Appellants ask for a rehearing of this case in a very earnest manner, but we find nothing in the points presented in the petition for rehearing, nor in the brief, which can give any strength to the claims of error origin-

ally made. In truth, the contention of appellants is without any equity. It appears that appellees bought at sheriff's sale a tract of land in Huntington county, described as follows: "The southwest fractional quarter, and seventy-eight rods off the south side of the northwest quarter of section twenty-five, in township twenty-eight north, range nine east, containing one hundred and sixty-nine and fifty-four one hundredths acres, more or less." This land had been held as a single farm and under said description, at least since October 5, 1857. After appellees' purchase at sheriff's sale, one Martha A. Miller and her husband John Miller set up some title to said land and brought suit, through appellants, their attorneys, to enforce such title. This suit was compromised by appellees' purchase of the Miller title, the Millers giving to appellees a quit-claim deed for the land. This deed was signed by both Millers, and was executed before appellant Buell M. Cobb as notary public.

Afterwards, and notwithstanding such quit-claim deed, the said Millers executed a deed to appellants, their said former attorneys, for the following described land: " Commencing at the southeast corner of the northwest quarter of section twenty-five, running thence north on the east line of said quarter section seventy-eight rods; thence parallel with the south line of said quarter section one hundred and sixty rods to the west line thereof; thence south seventy-eight rods to the southwest corner thereof; thence east to the point of beginning, *except seventy-eight rods off the south end of said tract,* all in township twenty-eight north, and range nine east," in said county, appellants thus attempting to purchase from their clients by one description a parcel of land which, through them as attorneys, had been sold under another description, to appellees. A mere statement of such a transaction is sufficient; yet appellants seriously contend that "seventy-eight rods off the south side of the northwest quarter of section

twenty-five" means only seventy-eight square rods of land, and criticise the lower court for instructing the jury that "seventy-eight rods off the south side of the northwest quarter of section numbered twenty-five, in township twenty-eight north, of range nine east, * * * describes a fractional part of said quarter, seventy-eight rods wide, on the south side of said quarter and extending along the entire length." This instruction was quite correct, not only from the language of the deeds themselves, but also from other evidence which showed, beyond any question, that these words correctly described the seventy-eight rods off the south side of said quarter section. Any other interpretation would not only be inequitable, but without good sense.

The theory of the complaint was not for the reforming of the sheriff's deed, but to quiet appellees' title, and the demurrer was correctly overruled.

The second point in the petition for a rehearing is that the court below erred in striking out the interrogatories to appellees, set out in the answer. We have read the interrogatories and find they have no relation whatever to the issues tendered by the complaint.

We have also examined the instructions, and find they correctly apply the law to the pleadings and the evidence.

The court could not sustain the motion for a new trial, for the merits of the cause had been fairly tried and a correct conclusion reached.

There was no merit in appellants' defense, and we should not have given so much attention to the petition for a rehearing, but for the fact that there was no proper brief filed by appellees in the original hearing, so that the court could not then give appellants' defense any consideration, and also because appellants call so earnestly for a full consideration of their case in connection with the brief now filed.

The petition for a rehearing is overruled.

Filed February 24, 1893.