JOHN S. GREGORY, EXECUTOR, v. THEODORE KAAR ET AL.

FILED MARCH 29, 1893.   No. 5248.

36   533
40    63
40   189
40   515
36   533
43   734
36   533
d61   67
36   533
62   218

1. Assignments of Error: REVIEW: PRACTICE. Assignments of error which are so vague and indefinite as not to indicate the rulings complained of will be disregarded in this court.

2. Pleading: NEW CAUSE OF ACTION IN REPLY: WAIVER OF OBJECTION. A new cause of action should not be presented in the reply, but when no objection is made on that ground in the district court and the issues presented are submitted on their merits, the objection that the cause of action was first stated in the reply will be held to have been waived.

3. Bill of Exceptions : COLLATERAL ATTACK. A bill of exceptions duly allowed and certified by the trial judge imports absolute verity and its truthfulness cannot be assailed collaterally.

4. Mechanics' Liens: EVIDENCE held to sustain the finding and judgment of the district court.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*John S. Gregory,* for plaintiff in error.

*T. C. Munger, contra.*

Post, J.

The National Lumber Company commenced an action in the district court of Lancaster county to foreclose a mechanic's lien against a certain lot in the city of Lincoln owned by John McAllister, who was made a defendant therein. The defendant in error, Theodore Kaar, who had filed a statement under oath claiming a lien against the same property, was also made a party defendant. The latter filed a cross-petition alleging that he had furnished stone for use in the construction of the building on said lot, under a contract with McAllister, the owner, and that there was due him a balance of $19.41, and praying for a foreclosure of his lien.

To this cross-petition McAllister filed an answer in which he alleged payment in full, also a cross-bill against Kaar for $327.34 on account of money advanced for stone by the terms of another and different contract, alleging as a breach thereof a failure to deliver said stone. To the cross-bill of McAllister, Kaar filed a pleading entitled an answer, in which he denies that he was in default of any of the provisions of the contract and alleging that all money paid him by McAllister was for stone before that time actually delivered.

During the trial Kaar, by leave of court, over the objection of McAllister, filed an additional pleading entitled "An amended reply and answer to cross-petition," which after a denial of payment of the bill set out in the original cross-petition is as follows: "By way of counter-claim and set-off, and in answer to the cross-petition of McAllister, defendant, the said Kaar denies that he agreed to furnish to said McAllister 700 perch of common rubble stone at an agreed price of $1.00 per perch; that this defendant did deliver to defendant McAllister a large amount of rubble stone under an oral agreement with the said McAllister, but at the agreed price of $1.20 per perch of 1,650 lbs., and

not as alleged in said McAllister's cross-bill, and that the payments made by defendant McAllister on said rubble stone were made at that price; that the defendant delivered to said McAllister under such agreement on or before April 20, 1887, $492\frac{29}{33}$ perch, amounting to $591.45 for rubble stone; that said defendant McAllister has paid in all for said rubble stone the sum of $570, and there is now due this defendant from said McAllister the sum of $21.45, with interest from April 20, 1887. This defendant further says that on or before July 23, 1887, he delivered to said McAllister under an oral agreement to pay therefor the sum of 25 cents per superficial foot, 12 pieces of stone 19 in. by 15 in. by 6 in., 8 pieces 20 in. by 20 in. by 8 in., 4 pieces of stone, dimensions 5 ft. 6 in. by 1 ft. 10 in., and 4 pieces of stone 4 ft. by 1 ft. 10 in., and 20 pieces of stone 5 ft. by 8 in., and 5 pieces 23 in. by 8 in. by 5 feet, of the total value of $81.47, and there is now due this defendant from said McAllister the sum of $81.47 and interest from July 23, 1887, therefor; in all the sum of $102.92, for which amount, with interest on $21.45 from April 20, 1887, and on $34 from July 23, 1887, and costs of suit, this defendant prays judgment."

A decree of foreclosure was entered in favor of Kaar for $25, evidently on the cause of action stated in his original cross-petition, and personal judgment against McAllister for $71 on the cause of action stated in his last pleading. McAllister having died in the meantime the action was revived in the name of Gregory, his executor, who filed a motion for a new trial on the following grounds:

1. The court erred in giving judgment in favor of the defendant Theodore Kaar, whereas under the pleadings and evidence said defendant's cross-petition should have been dismissed.

2. The judgment is contrary to the evidence.

3. The judgment is in excess of the amount claimed in defendant Kaar's cross-petition.

4. The judgment is not sustained by the law and evidence.

· The motion for a new trial having been overruled, Gregory filed a petition in error in this court by which he seeks to have the judgment of the district court reversed for errors alleged therein, the first of which is that the court "erred in permitting plaintiff below to introduce evidence contradictory of the account rendered to the defendant on his demand before the trial." Such an assignment is too vague and indefinite to be considered upon petition in error and will be disregarded by the appellate court. (*Burlington & M. R. R. Co. v. Harris,* 8 Neb., 140; *Kroll v. Ernst,* 34 Id., 482.)

2. The second assignment is the order allowing the filing of the amended pleading above mentioned. The objection in the district court and also in this court goes only to the cause of action, and not the discretion of the court in allowing defendant in error Kaar to amend. Should the pleading in which the second cause of action is alleged be construed as entitled, viz., a reply, it is subject to the objection that a new and different cause of action cannot be presented by way of reply. (Maxwell, Code Plead., 558.) But it is evident, notwithstanding the title of the pleading, that it was treated by both parties and the court as an amended petition, and in the reply of McAllister thereto it is called an amended cross-petition. No objection having been made on the ground above named, it is plain that there is no prejudicial error in the order complained of. The court in its discretion may allow amendments and the exercise of that discretion is not ordinarily subject to review in this court. (Civil Code, 144.) The only other assignment of error which calls for notice is that the judgment is not sustained by the proofs. In his discussion of that question counsel for plaintiff in error assails the bill of exceptions, which he asserts is incomplete and untrue. It is needless to discuss the question further than to re-

mark that a bill of exceptions, when allowed and signed as provided by statute, is presumptively correct, and its veracity cannot be called in question in the manner attempted in this case. (Elliott, App. Proced., 811.) The evidence, as certified by the trial judge, is of such character as to render a summary thereof difficult, and, to state it intelligently, would practically require it to be copied at length. It is enough to say that the evidence is quite sufficient to sustain the findings of the district court. In fact we do not see how any other conclusion could have been drawn from the proofs. The judgment of the district court is

AFFIRMED.

THE other judges concur.