[No. 1814.  Decided July 25, 1895.]

THOMAS HAUGH *et ux., Respondents,* v. THE CITY OF TACOMA, *Appellant.*

APPEAL — ASSIGNMENT OF ERRORS IN BRIEF.

Under Laws 1893, p. 127, and Rule 12 of the supreme court, the brief of appellant will be stricken and the judgment appealed from affirmed, when the brief does not clearly point out the errors relied on for a reversal.  (HOYT, C. J., and DUNBAR, J., dissent.)

*Appeal from Superior Court, Pierce County.*

*James Wickersham,* and  *Stacy W. Gibbs,* for appellant.

*M. L. Clifford,* and *R. F. Laffoon,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Respondents in this case have moved the court to dismiss the appeal and affirm the judgment below for various reasons, only one of which we shall notice.  It is, that the brief of appellant does not comply with the laws of this state or with the rules of this court, in that it does not point out the errors relied upon by the appellant for a reversal, nor does it

show that any error was committed by the trial court, nor that any of the matters discussed in the brief were ever presented to the trial court for ruling or decision. The act of 1893 requires that the brief of appellant "shall clearly point out each error that the appellant relies on for a reversal, and shall conform to such regulations of its contents in other respects . . . as the supreme court by its rules may have prescribed." (Laws 1893, p. 127.)

Rule XII of this court in force at the time this appeal was taken, provided: "No alleged error or mistake of the superior court will be considered by the supreme court, unless the same be clearly pointed out in the appellant's brief."

The learned counsel for the appellant has cited many authorities in his brief supporting propositions of law which seem to be well grounded, but the brief fails to show wherein these authorities are applicable. So far as appears from his brief, none of the propositions of law to which authorities are cited, are involved in this litigation, or were ruled on below, and the brief does not render any assistance to the court in determining what points are here for review. No errors are assigned in the brief and it cannot be determined therefrom that any of the matters therein discussed were ever brought to the consideration of the trial court. We think, that in the preparation of the brief counsel has wholly disregarded the plain provisions of the statute and the rules of this court. As is said in *Chicago, etc., R. R. Co. v. Moffitt,* 75 Ill. 524, "Counsel operate a drag net, but ask the court to do the sorting;" and in *Railway Company v. Van Vleck,* 40 Ill. 367, "We decline to enter upon the consideration of alleged errors thus bundled upon us." In *Brown v. Tolles,* 7 Cal. 398, the court say:

"If a party complains of error, and seeks a reversal, it is due to us that he should show wherein the error consists. We cannot be expected to act in the double capacity of counsel and judges . . . and we cannot . . . be expected to wade through the record to find argument, or invent pretexts for reversing the cause."

We do not think that the brief in this case could be entertained under any system of practice governing appellate tribunals. We know of no practice which would sanction it. It is a general and well settled proposition that "assignments of error which are so vague and indefinite as not to indicate the rulings complained of will be disregarded." *Gregory v. Kaar*, 36 Neb. 533 (54 N. W. 859); *Lucas v. Brooks*, 18 Wall. 436; *Leatherwood v. Suggs*, 96 Ala. 383 (11 South. 415); *Cobb v. Taylor*, 133 Ind. 605 (32 N. E. 822); *Robinson v. Moore*, 1 Tex. Civ. App. 93 (20 S. W. 994); *Anheuser-Busch Brewing Assoc'n v. Oxley*, 88 Iowa, 699 (53 N. W. 1075); *Town of Waukon v. Strouse*, 74 Iowa, 547 (38 N. W. 408); *Birmingham Iron & Land Co. v. Boyd*, 3 Tex. Civ. App. 102 (22 S. W. 240).

Notwithstanding he had ample notice of this motion, the learned counsel for appellant has made no application for leave to file a new brief upon terms, or otherwise, and the brief filed herein must be stricken, and the judgment below affirmed. We feel constrained to add, that if no application therefor had been made by the respondents, the court would upon its own motion have stricken the brief and reached the same result. The respondents will recover costs.

ANDERS and SCOTT, JJ., concur

HOYT, C. J., and DUNBAR, J., dissent.

### ON PETITION FOR RE-HEARING.

GORDON, J.—Counsel for the appellant has filed a petition for the re-hearing of this cause in which, with

a zeal which we commend but with an acerbity of feeling which we deplore, he insists that his brief was in strict compliance with the statute and the rules of this court, and that it ought not to have been stricken. We have given his petition careful consideration, but our opinion remains unchanged. It cannot be told from a reading of the brief what course the proceedings took in the lower court, whether the cause was disposed of upon demurrer, or, if an answer was filed, what was the nature of the defense interposed by it, nor can it be told from said brief whether counsel relies for a reversal upon errors committed by the lower court in ruling upon the pleadings, or in receiving or rejecting testimony, or in charging the jury; and, as said in *Brown v. Tolles*, 7 Cal. 398, " . . . we cannot . . . be expected to wade through the record to find argument, or invent pretexts for reversing the cause." We do not think that authority can be found,—and the well known ability and industry of the learned counsel for appellant justifies our indulging the presumption that none exists from the fact that none is cited — which would warrant this court in entertaining the case upon appellant's brief.

In his petition counsel says that, " In the statement of facts contained in the brief we say that ' Haugh paid his assessment on these two lots, amounting to $102, nearly two years after which he began this suit for damages.' Now, the first error complained of immediately after that is that the payment of that assessment was an estoppel to this suit. I do not know what could be clearer than that." We differ with counsel in his assumption that any error is pointed out by this statement. It does not indicate that the lower court had anything to do with it. Whether "the payment of that assessment was an estoppel to this suit" might

depend upon whether estoppel was pleaded in this action. If it was — and on that question the brief is entirely silent — and the court below has ruled upon it, such ruling should have been assigned as error and argument directed to it. Counsel insists that his "points" "taken in connection with the statement of facts become intelligible." Doubtless such is the case, but we think they should be made intelligible in the brief.

With a volume of business approximating five hundred cases per annum, we cannot be expected to resort to cumbersome records and statements of fact in order to determine what questions, if any, we have jurisdiction to review. Nor do we think that § 15 of the act of 1893 contemplates that we should. That section provides that the *brief* of the appellant "shall clearly point out each error that the appellant relies on for a reversal," and in addition to the statute and the authorities cited in our former opinion, we quote as bearing upon the subject the following from the case of *Denton v. Woods,* 86 Tenn. 37:

"The presumption is in favor of the correctness of the rulings and decisions of lower courts, and under the established practice in this court, unless error is affirmatively shown, an affirmance will be had.

"It is also presumed that every appellant is able, through his solicitor or attorney, to point out the errors upon which he relies for reversal, and not impose upon adversary counsel the labor of toiling through a large transcript like this one, speculating upon the probable grounds of attack; nor to impose upon the court the work of reading the entire record, and passing upon the case *de novo* in all its bearings. Some weight must be attached to the holdings of inferior courts; and counsel must be able to point out, as required, their errors, and will not be permitted to dump in, for the consideration of the court, immense tran-

scripts, filled with pertinent and impertinent matter, and demand their investigation upon general negatives of the correctness of decrees or judgments."

The petition will be denied.

SCOTT and ANDERS, JJ., concur.