## SOUERS v. STAHL, TRUSTEE, ET AL.

[No. 8,648. Filed October 13, 1915.]

HIGHWAYS.— *Establishment.— Descriptions.— Sufficiency.—* The description of a highway as being "twenty feet in width off of the east side of lot No. 6 in tract No. 2 in Richardville's Reserve at the forks of the Wabash and Little River, and ten feet in width off of the west side of lot No. 5 in tract No. 2 in Richardville's Reserve at the forks of the Wabash and Little River, said strips of land to be north of the Maple Grove Gravel Road, and twenty feet wide off of the northwest side of lot No. 6 in tract No. 2 in the Richardville's Reserve of ten sections, at the forks of the Wabash and Little River", was sufficient, since technical accuracy is not necessary in such descriptions, and it is enough to enable a surveyor with the assistance of the points definitely named, to trace and designate the road.

From Huntington Circuit Court; *J. T. Merriman,* Judge.

Action by George W. Souers against Ephriam Stahl, trustee of Huntington Township of Huntington County, and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Emmett O. King,* for appellant.

*C. K. Lucas, Cline & Cline* and *C. W. Watkins,* for appellees.

IBACH, P. J.—Suit for a permanent injunction against the execution of a judgment of the Huntington Circuit Court rendered on the verdict of a jury in a proceeding for ascertaining the width of a highway which had been used as such for a period of twenty years, and having the same recorded. The contention of the appellant in this cause is that the description of the land appropriated for the highway is so indefinite and uncertain as to make the judgment wholly void. The description of the road in the verdict and judgment is as follows: "Twenty feet in width off of the east side of lot No. 6 in tract No. 2 in Richardville's Reserve at the forks of the Wabash and Little River, and ten feet in width off of the west side of lot No. 5 in tract No. 2 in

Richardville's Reserve at the forks of the Wabash and Little River, said strips of land to be north of the Maple Grove Gravel Road, and twenty feet wide off of the northwest side of lot No. 6 in tract No. 2 in the Richardville's Reserve of ten sections, at the forks of the Wabash and Little River."

"Technical accuracy is not necessary in the description of a proposed line of road. It is enough that the general description shall be such that a surveyor can, with the assistance of the points definitely named, trace and designate the proposed route." *Adams* v. *Harrington* (1887), 114 Ind. 66, 14 N. E. 603.

The Maple Grove Gravel Road, and lots 5 and 6 in tract 2 of Richardville's Reserve, and the line between lots 5 and 6, are ascertainable from records and monuments. This being true, it seems that the only reasonable interpretation of the language of the judgment is, that the road was to begin at the intersection of the line between lots 5 and 6 with the Maple Grove Gravel Road, on the north side of said road, and was to consist of ten feet off the west side of lot 5 immediately adjacent to the line between lots 5 and 6, and twenty feet off the east side of lot 6, immediately adjacent to said line, thus making a road thirty feet in width along the line between lots 5 and 6, and then the road made a turn, and followed the northwest line of lot 6 to the termination of such line, and along that side of lot 6 consisted of twenty feet of land off said northwest side of lot 6, immediately adjacent to the northwest line.

We do not agree with appellant that the starting point of the road is ambiguous and uncertain, nor do we think that the fact that courses and distances are not given, nor the terminus definitely stated, renders the description so uncertain that the highway can not be easily located. See, *Cobb* v. *Taylor* (1893), 133 Ind. 605, 32 N. E. 822, 33 N. E. 615; *Maguire* v. *Bissell* (1889), 119 Ind. 345, 21 N. E. 326; *Hornet* v. *Dumbeck* (1907), 39 Ind. App. 482, 78 N. E. 691.

There is no ground for the granting of the injunction asked, and the court properly sustained the demurrers to the complaint, which action constituted the only errors assigned and argued. Judgment affirmed.

NOTE.—Reported in 109 N. E. 796. Establishment of highways by prescription, see 57 Am. St. 744. See, also, 37 Cyc. 121.