IN RE GUARDIANSHIP OF BREEAHANA C.
DAVID S., APPELLEE, AND ALICIA C., INTERVENOR-APPELLEE,
V. BOBBY C., APPELLANT.
706 N.W.2d 66

Filed November 8, 2005.    No. A-04-1361.

Bobby C., pro se.

Alicia C., pro se.

SIEVERS, CARLSON, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Bobby C. appeals the order of the county court for Sherman County appointing Kayla N. and Tony N. as permanent co-guardians of Breeahana C., the daughter of Bobby and Alicia C. The record is insufficient for us to determine whether Bobby alleged in county court that the county court's exercise of jurisdiction was an abuse of discretion because Alicia's petition for dissolution of marriage was under the jurisdiction of the district court. Therefore, we remand this matter to the county court with directions to vacate the appointment of coguardians and to conduct a new hearing on the matter.

## BACKGROUND

Breeahana is the minor child of Bobby and Alicia. On June 14, 2004, the district court for Sherman County entered a decree dissolving Bobby and Alicia's marriage. The decree ordered, inter alia, that Alicia would have custody of Breeahana and that

Bobby would pay child support. On June 24, Breeahana's maternal grandfather, David S., filed a petition in the county court seeking appointment of Kayla and Tony as coguardians for Breeahana. On July 22, the county court commenced a hearing on the petition for appointment of guardian, and upon granting Bobby's motion for continuance to present witnesses, the court concluded the hearing on October 14. On October 28, the county court appointed Kayla and Tony as Breeahana's permanent coguardians. Kayla and Tony subsequently accepted the appointment.

On November 29, 2004, Bobby filed a pro se notice of appeal together with an affidavit and motion for leave to proceed in forma pauperis. In Bobby's notice of appeal, he stated that he "intend[ed] to appeal the order . . . rendered on Oct[ober] 28, 2004, to the District Court of Sherman County, Nebraska." The county court ordered the clerk magistrate to send copies of the appeal documents to this court.

## ASSIGNMENTS OF ERROR

Bobby alleges that the trial court erred in (1) failing to give his "testimonial appointment of guardianship proper judicial notice," (2) disregarding the testimony of Bobby's witnesses and favoring Alicia's appointment of guardians, and (3) failing to adhere to the Uniform Child Custody Jurisdiction Act.

## STANDARD OF REVIEW

Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 1995 & Cum. Supp. 2004), are reviewed for error on the record. *In re Estate of Jeffrey B.*, 268 Neb. 761, 688 N.W.2d 135 (2004). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000).

## ANALYSIS

*Designating Wrong Court in Notice of Appeal.*

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005). Under Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2004), appeals in guardianship matters lie directly to this court in the same manner as appeals from the district court. In Bobby's notice of appeal, Bobby designated the district court rather than this court as the court to which he intended to appeal. The county court forwarded the appeal documents to this court.

An appellate court obtains jurisdiction over an appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit, without literal payment of the fees, costs, or security mentioned in Neb. Rev. Stat. § 25-2301.02(1) (Cum. Supp. 2004). *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004). Under Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2004), the notice of appeal must be filed "within thirty days after the entry" of the judgment or final order. The county court's order was entered on October 28, 2004. Bobby filed his notice of appeal on November 29. Ordinarily, the deadline for appeal would have been November 27, but taking into account 2 days for the Thanksgiving holiday and 2 days for the following weekend, Bobby's notice of appeal was timely. Concerning the requirements to proceed in forma pauperis, which act as a substitute for a docket fee, the county court's order to the clerk magistrate did not explicitly grant Bobby's motion to proceed in forma pauperis. However, by directing the clerk magistrate to forward the appeal documents to this court, the county court implicitly granted Bobby's motion. Thus, the only defect in Bobby's notice of appeal was his failure to designate the correct appellate court.

Other jurisdictions have held that an appellant's designation of the wrong court in the notice of appeal is not necessarily fatal. See, 5 Am. Jur. 2d *Appellate Review* § 338 (1995); 4 C.J.S. *Appeal and Error* § 374 (1993). These jurisdictions seem to base their holdings in favor of the appellant upon the notion that the court officials can correct the error and the appellant is

usually not harmed. See, e.g., *United States v. Blue*, 384 U.S. 251, 86 S. Ct. 1416, 16 L. Ed. 2d 510 (1966) (when party appealed to Court of Appeals rather than Supreme Court where jurisdiction lay, Court of Appeals certified appeal to Supreme Court, and Supreme Court noted procedural history of case and exercised jurisdiction over appeal); *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 869 P.2d 598 (1994) (when appellee argued that notice of appeal precluded appellate court from considering certain issues because notice of appeal did not designate any trial court rulings as being challenged, appellate court exercised jurisdiction, noting that appellee did not claim that it was surprised or placed at disadvantage by issues briefed); *The People v. N. Y. C. R. R. Co.*, 391 Ill. 377, 63 N.E.2d 405 (1945) (lack of strict technical compliance with form of notice of appeal not fatal where notice gives necessary information and opposing party is not prejudiced).

In the case before us, Bobby's notice of appeal was timely forwarded to this court, and none of the opposing parties claim that they have been prejudiced. In light of the foregoing authority, we conclude that we have jurisdiction over this case, despite Bobby's failure to designate this court in his notice of appeal.

*County Court Jurisdiction.*

Bobby contends that the county court lacked subject matter jurisdiction over the guardianship proceedings because the district court "had original jurisdiction . . . when it entered the Divorce Decree on June 14, 2004." Reply brief for appellant at 3. Before addressing this issue, we must dispense with the preliminary issues presented by the record before us.

Bobby's jurisdictional argument requires us to consider the dissolution decree entered by the district court. The dissolution decree was included in the bill of exceptions for the guardianship proceedings as exhibit 1. The bill of exceptions contains only the following regarding the offer and reception of the decree during direct examination of David:

> [David's counsel:] We would have you look at exhibit marked number one.
>
> THE COURT: Okay. And [Bobby], do you have Exhibit 1?

[Bobby]: Yes, I do, Your Honor.

THE COURT: Okay.

[David's counsel:] Can you identify —

(At this point, the tape recorder switched sides and the remainder of the direct examination was not recorded. During this time [David] offered Exhibit No. 1. [Bobby] did not object to the offer and the Court received Exhibit No. 1 into evidence. Direct examination was completed and cross-examination began. A portion of the cross-examination was not recorded.)

(Exhibit No. 1 is hereby made a part of this bill of exceptions and may be found at the end of this bill of exceptions.)

(At this point, the clerk discovered that the recorder had not been working. The clerk inserted a new tape and the proceedings were as follows:)

The bill of exceptions then continues with the remainder of the cross-examination of David. None of the other witnesses testified regarding the decree or its contents, and none of the properly received exhibits referred to the decree.

The bill of exceptions includes a certification by the court stenographer that the bill of exceptions, including exhibit 1, "contains all of the proceedings had . . . or all of the evidence adduced in the foregoing cause . . . and the rulings of the Court thereon; that said bill of exceptions is a correct and complete transcription from the official tape recording made at the time of the proceedings." The bill of exceptions also contains verification by the trial court that the "following," which included exhibit 1, is "the bill of exceptions in this case" and that "the tape recording from which this bill of exceptions was prepared is the official record made at the time of the proceedings."

Neb. Ct. R. of Prac. 5A (rev. 2005) provides in part:

(1) The official court reporter shall in all instances make a verbatim record of the evidence offered at [a] trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties. This record may not be waived.

(2) Upon the request of the court or of any party, either through counsel or pro se, the official court reporter shall

> make a verbatim record of anything and everything said
> or done by anyone in the course of trial or any other pro-
> ceeding[.]

It is the duty of the court reporter to make a verbatim record of judicial proceedings, and it is the obligation of the trial court to see to it that the reporter accurately fulfills that duty. *Gerdes v. Klindt's, Inc.*, 247 Neb. 138, 525 N.W.2d 219 (1995).

■ Regardless of the court stenographer's efforts to "fill in the blanks" and the county court's approval of that approach, the record before us does not constitute a verbatim record of the evidence offered at trial. It is inevitable that technical difficulties will arise occasionally, but the better approach in this case would have been that upon discovery of the malfunction, the court reporter notify the trial judge of the difficulty with the tape recorder and the judge, with any necessary assistance of the reporter, determine the point at which the tape recorder malfunctioned and, after the proper function of the tape recorder was restored, direct the parties to continue their presentation of evidence from that point forward, repeating the omitted content. The bill of exceptions, while deficient in recording the full extent of the evidence, does memorialize that exhibit 1 was offered and received without objection, and none of the parties quarrel with that fact. Therefore, we will consider the divorce decree as an exhibit, recognizing that " '[a] bill of exceptions duly allowed and certified by the trial judge imports absolute verity and its truthfulness cannot be assailed collaterally.' " *Bors v. McGowan*, 159 Neb. 790, 795, 68 N.W.2d 596, 600 (1955), quoting *Gregory v. Kaar*, 36 Neb. 533, 54 N.W. 859 (1893).

With the dissolution decree before us, we address Bobby's argument that the county court lacked subject matter jurisdiction to entertain the guardianship proceedings because the district court had original jurisdiction over the matter of custody. Neb. Rev. Stat. § 42-351(1) (Reissue 2004) provides that the district court has jurisdiction in divorce actions to render judgments and make orders concerning, inter alia, "the custody and support of minor children." Section 42-351(2) provides that during the pendency of an appeal, the district court retains jurisdiction to "provide for such orders regarding custody, visitation, or support . . . or other appropriate orders in aid of the appeal process."

Neb. Rev. Stat. § 24-517(2) (Cum. Supp. 2004) gives the county court "[e]xclusive original jurisdiction in all matters relating to the guardianship of a person, except if a separate juvenile court already has jurisdiction over a child in need of a guardian, concurrent original jurisdiction with the separate juvenile court in such guardianship." Section 30-2602 further grants the county court "jurisdiction over . . . guardianship proceedings."

In *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996), the Nebraska Supreme Court discussed the interplay between county court and district court jurisdiction. In that case, the mother of a minor child filed in district court for dissolution of her marriage to the minor's father. The district court awarded temporary custody of the minor to the mother " 'until further order of this court.' " *Id.* at 165, 555 N.W.2d at 771. Shortly thereafter, the minor's grandfather and his wife petitioned the county court for appointment as the minor's coguardians. The county court appointed the grandfather and his wife as coguardians, and they accepted the appointment. On appeal to the Nebraska Supreme Court, the mother alleged that because she had been granted temporary custody of the minor by the district court, the county court lacked jurisdiction to appoint coguardians for the minor. The court reviewed the applicable statutes and relevant case law and held:

> [D]uring the pendency of a dissolution action, a county court's exclusive original jurisdiction in guardianship matters touching upon the custody of a minor must yield to the jurisdiction of the district court in which the dissolution petition is filed. It was accordingly an abuse of discretion as a matter of law for the county court to have exercised its jurisdiction over the within petition for the appointment of coguardians.

*Id.* at 168-69, 555 N.W.2d at 772-73. Thus, the court in *In re Interest of Zyla* implicitly held that the county court's subject matter jurisdiction over guardianship proceedings was not vitiated by the district court's divorce decree; rather, the county court should have declined to exercise such jurisdiction. That difference is important in the case before us, because lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *New Tek Mfg. v. Beehner*, 270

190

Neb. 264, 702 N.W.2d 336 (2005). Where the county court possessed subject matter jurisdiction, an assertion that the court abused its discretion in exercising such jurisdiction would require that the objecting party raise the issue before the trial court. A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *Parker v. Parker*, 268 Neb. 187, 681 N.W.2d 735 (2004).

In this court, Bobby further argues that the county court erred in not "yielding jurisdiction" to the district court. Brief for appellant at 16. However, at this point, the defect in the verbatim record becomes critical. While Bobby did not raise the issue before the county court in the proceedings that were preserved, because of the "lost" portion, we are unable to determine whether Bobby raised the issue in the county court. Such a flaw in the record can only be remedied by a new hearing, at which the issue suggested by *In re Guardianship of Zyla, supra*, might be raised and considered.

## CONCLUSION

For the foregoing reasons, we remand the matter to the county court with directions to vacate its appointment of coguardians and to conduct a new hearing on the petition for appointment of coguardians.

REMANDED WITH DIRECTIONS.